J-S48042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARCUS T. SANTOS, | |
| Appellant | No. 44 MDA 2014 |

Appeal from the Order December 12, 2013
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0003262-2009

BEFORE: DONOHUE, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 08, 2014**

Appellant, Marcus T. Santos, appeals *pro se* from the order denying his petition for writ of *habeas corpus* challenging the fines imposed in his judgment of sentence as excessive. We affirm.

On March 9, 2010, Appellant pleaded guilty to three counts of possession with the intent to deliver a controlled substance and one count of criminal use of a communication facility. The trial court accepted the negotiated guilty plea and imposed an aggregate term of incarceration of not less than ten nor more than twenty years plus fines and costs totaling $110,250.00. Appellant did not file a direct appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On March 10, 2011, Appellant timely filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court appointed counsel, who filed a motion to withdraw after concluding that Appellant's PCRA claims were without merit. On August 12, 2011, the PCRA court granted the motion to withdraw and issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Appellant did not respond, and the PCRA court dismissed his petition on September 6, 2011. Appellant did not appeal the dismissal.

On November 6, 2013, Appellant filed a *pro se* petition for writ of *habeas corpus*, contending that the fines imposed in his sentence were excessive. The court denied the petition on December 12, 2013, and Appellant timely appealed.[1]

Appellant raises one question for our review: "[Whether t]he fine imposed by the court were [sic] constitutionally excessive and violated the Eighth Amendment[?]" (Appellant's Brief, at 4).

Preliminarily, we observe that Appellant's claim should have been treated as a PCRA petition. The PCRA provides that it "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this

---

[1] Pursuant to the court's order, Appellant filed a Rule 1925(b) statement on January 29, 2014. The court entered its Rule 1925(a) opinion on March 4, 2014. **See** Pa.R.A.P. 1925.

subchapter takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S.A. § 9542. The PCRA offers "the procedural context within which constitutional rights connected with *habeas corpus* remedies may be exercised." ***Commonwealth v. Lantzy***, 736 A.2d 564, 570 n.4 (Pa. 1999); ***see also Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013), *appeal denied*, 2014 Pa. Lexis 296 (Pa. filed Jan. 29, 2014) ("Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition.") (citation omitted).

Here, Appellant challenges his fines as unconstitutionally excessive, a claim cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(i) (providing, *inter alia*, eligibility for relief where the "sentence resulted from . . . [a] violation of the Constitution of this Commonwealth or the Constitution or laws of the United States . . ."); ***Taylor***, ***supra*** at 466. Thus, the trial court should have addressed his claim pursuant to the PCRA. ***See*** 42 Pa.C.S.A. § 9542; ***Lantzy***, ***supra*** at 570 n.4. Nonetheless, "we may affirm the trial court's decision on any basis." ***Commonwealth v. McCulligan***, 905 A.2d 983, 988 (Pa. Super. 2006), *appeal denied*, 918 A.2d 743 (Pa. 2007) (citation omitted).

Our standard of review is well-settled:

> When reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the determination of the PCRA court and whether the ruling is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

- 3 -

*Commonwealth v. Rachak*, 62 A.3d 389, 391 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013) (citations omitted).

We begin our review by addressing the timeliness of Appellant's petition. *See Taylor*, *supra* at 466. The time limits imposed by the PCRA are jurisdictional and must be strictly construed. *See Commonwealth v. Fahy*, 959 A.2d 312, 315 (Pa. 2008). "Where a petitioner fails to satisfy the timeliness requirements of the PCRA, the PCRA court and this Court have no jurisdiction to review the petition by fashioning an equitable exception to timeliness." *Commonwealth v. Turner*, 73 A.3d 1283, 1285 (Pa. Super. 2013), *appeal denied*, 91 A.3d 162 (Pa. 2014) (citation omitted).

A PCRA petition "shall be filed within one year of the date the judgment [of sentence] becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. Statutory time restrictions are mandatory and jurisdictional in nature, and may not be altered or disregarded to reach the merits of the claims raised in the petition. . . .
>
> The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:
>
>> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The PCRA specifically provides that a petitioner raising one of the statutory exceptions to the timeliness requirements must affirmatively plead and prove the exception. *Id.* The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be asserted within sixty (60) days of the date the claim could have been first presented. 42 Pa.C.S.A. § 9545(b)(2). As such, when a PCRA [petition] is not filed within one year of the expiration of direct review, or not eligible for one of the exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims.

*Commonwealth v. Taylor*, 933 A.2d 1035, 1038-39 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1163 (Pa. 2008) (footnote, quotation marks and case citations omitted). Thus, when a petition is filed outside the one-year time limitation, "our review focuses on whether Appellant has pled and proven that one of the three limited exceptions to the timeliness requirements of the PCRA apply." *Commonwealth v. Wilson*, 824 A.2d 331, 335 (Pa. Super. 2003), *appeal denied*, 839 A.2d 352 (Pa. 2003).

Here, Appellant's judgment of sentence became final on April 8, 2010, when his time to appeal his sentence to this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Hence, in order to comply with the filing requirements of the PCRA, Appellant's petition had to be filed by April 8, 2011. Because the underlying petition was filed on November 6, 2013, it is facially untimely and the court lacked jurisdiction to review it

unless Appellant pleaded and proved one of the statutory exceptions to the time bar under 42 Pa.C.S.A. § 9545(b)(1).

Appellant neither pleads nor proves any exceptions to the time bar, simply arguing that "[d]uring the negotiated plea agreement it was stated that the mandatory would not be sought in this case[]" but that he nonetheless received "excessive" fines as a part of his sentence. (Appellant's Brief, at 6). Appellant has failed to demonstrate that any exception to the timeliness requirements of the PCRA applies.[2] *See Wilson*, *supra* at 335; *see also Commonwealth v. Seskey*, 86 A.3d 237, 243 (Pa. Super. 2014) (finding Eighth Amendment challenge to imposition of fines in collateral petition waived). Accordingly, the court did not err or abuse its discretion in denying Appellant's petition when it was patently untimely, and we are without jurisdiction to address the merits of his claim.[3] *See Fahy*, *supra* at 315; *Taylor*, *supra* at 1038.

Order affirmed.

_____

[2] We further observe that, even if Appellant had properly asserted an exception to the time bar, his petition challenging the events of his sentencing on March 9, 2010 was filed well after sixty days of the date the claim could have been presented, and would therefore be untimely in this respect as well. *See* 42 Pa.C.S.A. § 9545(b)(2).

[3] Moreover, after Appellant is paroled, he may not be committed to prison for failure to pay his fines unless it appears after a hearing that he is financially able to do so. *See* Pa.R.Crim.P. 706(A).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/8/2014</u>