J-S49002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARL THOMAS BURTON | |
| Appellant | No. 1217 EDA 2012 |

Appeal from the PCRA Order April 11, 2012
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003653-2006

BEFORE:  OLSON, OTT and STABILE, JJ.

MEMORANDUM BY OLSON, J.:                **FILED OCTOBER 24, 2014**

Appellant, Carl Thomas Burton, appeals from an order entered on April 11, 2012 that denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The factual history and procedural background in this case are as follows.  On December 17, 2005, at approximately 1:20 a.m., Officer Robert Whitaker of the Chester Police Department was patrolling the corner of Ninth and Holland Streets in the City of Chester.  At that time, Officer Whitaker heard approximately three to five gunshots emanating from a location near Reflections Bar, which is located at the corner of Ninth and Grace Streets.

Officer Whitaker proceeded in his marked police cruiser to the 800 block of Grace Street in approximately 30-40 seconds.  This location was one block from Reflections Bar.  Two other officers in separate police vehicles

also proceeded to the 800 block of Grace Street. The three police vehicles pulled up in succession, with Officer Whitaker arriving in the first car.

Officer Whitaker illuminated the spotlight on his vehicle when he arrived at the scene. Upon his arrival, Officer Whitaker saw Appellant talking to the driver of a blue Kia Spectra through the passenger-side window. Officer Whitaker then saw Appellant begin to get into the passenger compartment of the blue Kia Spectra. Officer Whitaker described Appellant's entry into the passenger-side door as "real quick [-] like he was nervous." N.T., 3/8/07, at 16.

Appellant's left foot was in the Kia Spectra when Officer Whitaker approached and asked him to step back from the vehicle. Officer Whitaker placed his left hand on the back of Appellant's leg and told Appellant he was going to conduct a pat-down search. Officer Whitaker directed Appellant to place his hands on top of the car. The officer informed Appellant that he was investigating gun shots in the area. When Officer Whitaker asked Appellant for his name, Appellant refused to provide it.

Thereafter, Officer Whitaker commenced a pat-down search of Appellant. During the search, Officer Whitaker felt the handle of a gun in Appellant's waistband. Officer Whitaker seized the weapon, gave it to one of the assisting officers, and placed Appellant in custody.

The Commonwealth charged Appellant with firearms not to be carried without a license (18 Pa.C.S.A. § 6106(a)(1)) and persons not to possess firearms (18 Pa.C.S.A. § 6105(a)(2)). Trial counsel filed a motion to

suppress the gun, challenging Appellant's detention and subsequent search under the Fourth Amendment of the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution. After a suppression hearing on March 8, 2007, the trial court entered an order denying the motion.

Appellant proceeded to a bench trial on stipulated facts. At the conclusion of trial on April 20, 2007, the court found Appellant guilty of the above-referenced crimes. On June 26, 2007, the trial court imposed a state sentence totaling five to 10 years of confinement.

Appellant filed a direct appeal to this Court on July 27, 2007. We affirmed Appellant's judgment of sentence on June 6, 2008. *Commonwealth v. Burton*, 959 A.2d 457 (Pa. Super. 2008) (unpublished memorandum). Appellant requested that counsel file a petition for allowance of appeal with the Supreme Court, but no petition was submitted.

Appellant filed a *pro se* petition for collateral relief on December 18, 2008. The PCRA court appointed new counsel who filed an amended petition on June 30, 2009. The amended petition sought *nunc pro tunc* reinstatement of Appellant's right to petition the Supreme Court for further review. On July 9, 2009, the PCRA Court granted the amended petition and directed counsel to file a petition for allowance of appeal within 30 days. Counsel timely filed a petition for allowance of appeal. On February 23, 2010, however, the Supreme Court denied the petition.

On February 14, 2011, Appellant filed a timely *pro se* PCRA petition, his first request for substantive collateral relief. Counsel was appointed, an

- 3 -

amended petition was filed, and the Commonwealth answered the amended petition. Thereafter, on February 21, 2012, the PCRA court issued notice of its intent to dismiss Appellant's amended petition without a hearing pursuant to Pa.R.Crim.P. 907. On April 11, 2012, the PCRA court entered an order denying Appellant's request for collateral relief.

Appellant filed a timely notice of appeal on April 18, 2012.[1] On April 25, 2012, the PCRA court issued an order pursuant to Pa.R.A.P. 1925(b) directing Appellant to file a concise statement of errors complained of on appeal. Appellant filed a *pro se* concise statement on May 14, 2012 and the PCRA court issued its opinion on June 19, 2012.

Appellant's counseled brief raises the following question for our review:

> Whether the PCRA [c]ourt erred in dismissing [Appellant's] PCRA [petition] without a hearing where he was denied the effective assistance of counsel, where trial counsel improperly advised him to waive his constitutional right to a jury trial or contested non-jury trial by proceeding with a stipulated bench trial that would automatically render a finding of guilt so he could expeditiously effectuate pursuit of his direct appeal rights?

Appellant's Brief at 4.

_____

[1] On April 20, 2012, Appellant raised claims of ineffectiveness against appointed PCRA counsel and requested new representation. We remanded this matter to the PCRA court. The case was reassigned to a new judge who granted prior PCRA counsel leave to withdraw and appointed present counsel to represent Appellant.

Appellant alleges that the PCRA court erred in denying his request for collateral relief. In support of this contention, Appellant claims that trial counsel was ineffective in failing to ensure that Appellant knowingly, intelligently, and voluntarily waived his right to a jury trial, or a contested non-jury trial.[2] According to Appellant, trial counsel never explained to him the nature and essential components of his right to a jury trial. Instead, counsel induced him to waive his rights to a contested trial and encouraged him to agree to a stipulated bench trial in order to pursue expedited appellate review of the trial court's suppression order. Appellant claims that he derived no benefit from trial counsel's strategy since the direct appeal process was burdened by delays and because counsel made no effort to advocate for a reduced or mitigated sentence in view of Appellant's decision not to contest the criminal charges against him. Appellant's claim merits no relief.

_____

[2] We may dispense with any claim in which Appellant requests collateral relief based solely upon trial court error in failing to conduct a thorough waiver colloquy or to establish otherwise that Appellant knowingly and voluntarily waived his jury trial rights. Such a claim merits no relief within the PCRA context. Separate and unattached to any claim implicating counsel's stewardship, this claim could have been raised on direct appeal but it was not. Thus, Appellant has waived this claim. *See* 42 Pa.C.S.A. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"); *see also Commonwealth v. Michaud*, 70 A.3d 862, 873 (Pa. Super. 2013) (PCRA petitioner waives issue of adequacy of trial court's colloquy concerning his jury trial waiver where petitioner could have, but failed to raise claim on direct appeal).

Our standard of review for an order denying collateral relief is well settled. We have said:

> This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. We may affirm a PCRA court's decision on any grounds if it is supported by the record.

**Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010) (internal citations omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Cintora**, 69 A.3d 759, 762 (Pa. Super. 2013) (citation omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffectiveness of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is, however, presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." **Commonwealth v.**

*Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.* Further, with respect to the second ineffectiveness prong, we note that counsel's "chosen strategy will not be found to have lacked a reasonable basis unless it is proven that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009) (internal quotations omitted).

Our Supreme Court has observed that the fundamental components of a jury waiver are straightforward: "The[ ] essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." *Commonwealth v. Mallory*, 941 A.2d 686, 696 (Pa. 2008) (citation omitted). Furthermore, the Supreme Court has recognized a criminal defense lawyer's obligation to consult with a client regarding waiver of the right to a jury trial:

Of course, lawyers have an obligation to counsel their clients in conjunction with the waiver of basic rights, including the waiver of a jury; but the mere absence of a record oral waiver colloquy does not automatically prove that a right was relinquished unknowingly or involuntarily and that the trial lawyer was ineffective for causing the waiver. When a presumptively-valid waiver is collaterally attacked under the guise of ineffectiveness of counsel, it must be analyzed like any other ineffectiveness claim. Such an inquiry is not resolved by the mere absence of an oral waiver colloquy; instead, the analysis must focus on the totality of relevant circumstances.

*Mallory*, 941 A.2d at 698.

Upon careful review of the relevant facts and circumstances in this appeal, we are persuaded that Appellant failed to raise a genuine issue of fact that required a hearing on his ineffectiveness claim. Appellant's petition alleged that trial counsel was ineffective in advising him to stipulate to a bench trial, allow the court to find him guilty, and challenge the court's suppression order before this Court. Within his petition, Appellant included a letter from trial counsel (setting forth the foregoing advice) to support his claim.[3] Neither side disputes that trial counsel would have been the only

_____

[3] In relevant part, counsel's letter stated:

My suggestion to you is to have a Stipulated Non-Jury Trial, allow the Judge to find you guilty, and file an immediate Appeal to the Superior court. In all honesty, it will take us approximately nine to twelve months to get through the Superior Court. However, because I am so sure that the case law in this matter is on your side, I am confident that the Superior Court appeal is your best option. Quite frankly, you have nothing to [lose] by pursuing an appeal. [The trial court] is going to sentence you to five (5) years in jail for this case.

*(Footnote Continued Next Page)*

witness called to testify at Appellant's PCRA hearing and both parties agree that trial counsel's letter reflected the substance of any testimony she would have given. Hence, the trial court correctly determined that the facts of this case were not in dispute and that a hearing was not necessary. **See** Pa.R.Crim.P. 907(2) ( "If the judge is satisfied from [a review of the petition, the Commonwealth's answer, and any other matters of record] that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.")

We also conclude, as a matter of law, that Appellant cannot prove that trial counsel was ineffective or that she recommended a strategy that lacked a reasonable basis designed to advance his interests. The Commonwealth charged Appellant with persons not to possess a firearm[4] and carrying a firearm without a license. Appellant does not dispute that, on the day that these offenses occurred, he did not have a license to carry a gun and his

*(Footnote Continued)* ————————

Appellant's Post-Conviction Relief Act Petition, 2/14/11, Exhibit B.

[4] We are skeptical of any strategy that suggests trying a persons not to possess a firearm charge to a jury. It is a common and widely accepted practice not to try such claims to a jury because doing so necessarily entails disclosure of the defendant's criminal history to the fact finder.

criminal record forbade his possession of a firearm in this Commonwealth. Trial counsel immediately recognized that the only strategy that offered Appellant any hope for an acquittal involved suppression of the firearm. Accordingly, she filed a motion to suppress. After the trial court denied that motion, counsel no doubt was aware that, given the undisputed facts in this case, Appellant's conviction was a certainty regardless of whether he tried his claims before a jury, contested this case before the trial court, or proceeded to a stipulated bench trial. Accordingly, counsel recommended a strategy aimed at securing prompt appellate review of Appellant's suppression claims, as any seasoned criminal defense lawyer would have done.[5] Under these circumstances, Appellant has failed to show that counsel's performance fell below that which is demanded from a reasonably competent trial lawyer. In addition, Appellant has not demonstrated that counsel's strategy lacked a sound basis calculated to effectuate his interests. For each of these reasons, we are compelled to deny relief.

Order affirmed.

_____

[5] We note that a stipulated bench trial, as opposed to a guilty plea, preserved Appellant's right to challenge the trial court's suppression order on appeal. **See Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014) (when a defendant pleads guilty, he waives all non-jurisdictional claims on direct appeal except the voluntariness of his plea and the legality of his sentence); **see also Commonwealth v. Rachak**, 62 A.3d 389, 392 n.1 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/24/2014</u>