COMMONWEALTH of Pennsylvania, Appellee

v.

Tarik RACHAK, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 15, 2012.

Filed Nov. 27, 2012.

---

Anser Ahmad, Harrisburg, for appellant.

James E. Zamkotowicz, Assistant District Attorney, York, for Commonwealth, appellee.

BEFORE BOWES, SHOGAN and PLATT *, JJ.

OPINION BY SHOGAN, J.:

Appellant, Tarik Rachak, appeals from the order entered on April 5, 2012, denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A §§ 9541–9546. We affirm.

The relevant facts and procedural history of this case were set forth by the PCRA court as follows:

> [Appellant] was arrested on January 4, 2011 for Simple Possession of Cocaine, 35 P.S. § 780–113(a)(16), and Possession of Drug Paraphernalia, 35 P.S. § 780–113(a)(32). [Appellant] appeared pro se at his Arraignment before The Honorable Judge Gregory Snyder on April 29, 2011; at that time, Judge Snyder advised [Appellant] of the right to counsel and conveyed the importance of securing counsel prior to Pre–Trial Conference. At his Arraignment, [Appellant] received notice of his Pre–Trial Conference, set for June 22, 2011; that notice also informed [Appellant] that if he appeared without a lawyer, he must be prepared to explain. On June 22, 2011, [Appellant] appeared for his Pre–Trial Conference without a lawyer and this Court reluctantly agreed to a continuance in order for [Appellant] to obtain a lawyer. [Appellant] returned on July 20, 2011, again without a lawyer, and indicated his desire to plead guilty to the charges.
>
> [Appellant] completed a written Guilty Plea Colloquy that advised him again of his right to counsel. This Court also conducted an oral colloquy on the record; at that time, [Appellant] stated that he understood his right to an attorney and that if he could not afford one, one would be appointed to represent him. The Court then asked [Appellant] three times if he wished to waive his right to counsel and proceed with a guilty plea; [Appellant] responded "yes" all three times. [Appellant] then pled guilty to both charges for a Sentence of 2 years [of] probation.
>
> On November 17, 2011, [Appellant], through counsel, filed a Petition for Relief under the Post–Conviction Relief Act, alleging for the first time that his plea was not freely, voluntarily, and knowingly entered. A hearing was held on February 15, 2012, at which time this Court heard testimony from [Appellant] and argument from both parties. The Court took the matter under advisement and allowed both parties a chance to file supporting memoranda. This Court then denied [Appellant's] Petition by Order of April 5, 2012 and filed an opinion in support thereof. [Appellant] now appeals this Court's denial of his Petition for Post–Conviction Relief.

PCRA Court Opinion, 6/6/12, at 1–2.

On appeal, Appellant raises two issues:

> Whether the trial court erred in finding that Appellant had not met the second requirement of the PCRA where Appellant established that his plea was not tendered knowingly, intelligently and voluntarily given that he was not advised by the Court, nor by counsel, that deportation from the United States was a penalty that would be imposed on him as a result of his guilty plea.

---

* Retired Senior Judge assigned to the Superior Court.

Whether the trial court erred in finding that Appellant had not met the third requirement of the PCRA where Appellant was unable to file timely post-sentence motions and/or a timely direct appeal given that he did not learn that he would be deported until after the time for filing had elapsed, and where Appellant's issues were not proper to be raised in the first instance on direct appeal.

Appellant's Brief at 3. We will begin our discussion by setting forth the applicable standard of review.

 When reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the determination of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Boyd,* 923 A.2d 513, 515 (Pa.Super.2007), *appeal denied,* 593 Pa. 754, 932 A.2d 74 (2007). Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. *Commonwealth v. Wilson,* 824 A.2d 331, 333 (Pa.Super.2003), *appeal denied,* 576 Pa. 712, 839 A.2d 352 (2003).

 Here, the thrust of Appellant's argument is that his lack of knowledge as to the effect a guilty plea would have on his immigration status requires relief under the PCRA. Appellant's Brief at 7. However, the PCRA court concluded that, under the facts of this case, Appellant was not entitled to relief under the PCRA.

In its thorough discussion of Appellant's issues, the PCRA court analogized Appellant's immigration status to an individual's criminal history or status as a parolee at the time of the entry of a guilty plea. PCRA Court Opinion, 6/6/12, at 5 (unnumbered pages). The PCRA court concluded that it is not the responsibility **of the trial court** to determine a person's criminal history, parole status, or whether he or she is a citizen of the United States before accepting a guilty plea. *Id.* (emphasis added). Those factors are typically unknown to the court at that juncture, especially where the defendant opts to proceed *pro se.* Here, the record reflects that Appellant was apprised of all the information that is required to be relayed by the trial court pursuant to Pa.R.Crim.P. 590 when a person chooses to plead guilty. N.T., 7/20/11, at 3–5.

Moreover, Appellant was informed multiple times of his right to counsel, and, even after the trial court afforded Appellant a continuance to obtain counsel (Order, 6/22/11), he refused. On the record, Appellant stated he understood his right to counsel, and he knowingly and voluntarily waived that right following a colloquy. N.T., 7/20/11, at 2–3. Appellant chose to proceed *pro se.* Ultimately, the PCRA correctly concluded that, under the facts and the record presented here, Appellant cannot satisfy the requirements for PCRA relief.

 While Appellant focuses on the voluntariness of his guilty plea, that issue should have been raised on direct appeal; it was not.[1] Therefore the issue is waived. 42 Pa.C.S.A. § 9543(a)(3). Moreover, there is no indication that Appellant was induced to plead guilty despite being innocent, as there is no claim of innocence here. 42 Pa.C.S.A. § 9543(a)(2)(iii). The PCRA court opinion accurately addressed every facet of Appellant's petition, correctly explained the inapplicability of the United

---

1. When a guilty plea is entered, all grounds of appeal are waived other than challenges to the **voluntariness of the plea** and the jurisdiction of the sentencing court. *Commonwealth v. Boyd,* 835 A.2d 812, 815 (Pa.Super.2003) (emphasis added).

States Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010),[2] and concluded that Appellant is entitled to no relief.

We are in agreement with the PCRA court. Accordingly, after a review of the briefs of the parties, the certified record on appeal, and the applicable law, we affirm the PCRA court's order on the basis of the Honorable Michael E. Bortner's opinion, which is reproduced, in its entirety, below:

## IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH | : | |
| | : | |
| V. | : | NO. CP–67–CR–1805–2011 |
| | : | |
| TARIK RACHAK, | : | |
| Defendant/Appellant | : | |

**COUNSEL OF RECORD:**

Brian Cagle, Esquire
Assistant District Attorney

Anser Ahmad, Esquire
Counsel for [Appellant]

### OPINION IN SUPPORT OF ORDER PURSUANT TO RULE 1925(a) OF THE RULES OF APPELLATE PROCEDURE

The Court received a Notice of Appeal, docketed on May 7, 2012, that Tarik Rachak, through his counsel, appeals to the Superior Court of Pennsylvania this Court's Order issued April 5, 2012. The Court has reviewed the record and Mr. Rachak's Statement of Matters Complained of on Appeal, docketed on June 4, 2012. The Court now issues this Opinion in support of the Order dated April 5, 2012.

While Defendant has neglected to file a concise Statement of Matters Complained of on Appeal as required by Pennsylvania Rule of Appellate Procedure 1925(b), his brief-styled Statement appears to set forth one issue on appeal. That is, whether this Court erred in denying his petition for relief under the Post–Conviction Relief Act because Defendant did in fact meet requirements two and three for relief under that act.

### I. *Procedural History*

Defendant was arrested on January 4, 2011 for Simple Possession of Cocaine, 35 P.S. § 780–113(a)(16), and Possession of Drug Paraphernalia, 35 P.S. § 780–113(a)(32). Defendant appeared pro se at his Arraignment before The Honorable Judge Gregory Snyder on April 29, 2011; at that time, Judge Snyder advised all defendants, including this Defendant, of the right to counsel and conveyed the importance of securing counsel prior to Pre–Trial Conference. At his Arraignment, Defendant received notice of his Pre–Trial Conference, set for June 22, 2011; that notice also informed Defendant that if he appeared without a lawyer, he must be

---

**2.** *Padilla* dealt with ineffective assistance of counsel where the defendant was specifically, yet erroneously, informed by counsel that entering a guilty plea would not affect his immigration status. *Padilla*, 130 S.Ct. at 1483.

The Supreme Court in *Padilla* placed the onus on counsel—not the trial court. *Id.* at 1486. Here, we are not faced with such ineffectiveness, as Appellant chose not to retain counsel and opted to proceed *pro se.*

prepared to explain. On June 22, 2011, Defendant appeared for his Pre–Trial Conference without a lawyer and this Court reluctantly agreed to a continuance in order for Defendant to obtain a lawyer. Defendant returned on July 20, 2011, again without a lawyer, and indicated his desire to plead guilty to the charges.

Defendant completed a written Guilty Plea Colloquy that advised him again of his right to counsel. This Court also conducted an oral colloquy on the record; at that time, Defendant stated that he understood his right to an attorney and that if he could not afford one, one would be appointed to represent him. The Court then asked Defendant three times if he wished to waive his right to counsel and proceed with a guilty plea; Defendant responded "yes" all three times. Defendant then pled guilty to both charges for a Sentence of 2 years probation.

On November 17, 2011, Defendant, through counsel, filed a Petition for Relief under the Post–Conviction Relief Act, alleging for the first time that his plea was not freely, voluntarily, and knowingly entered. A hearing was held on February 15, 2012, at which time this Court heard testimony from Defendant and argument from both parties. The Court took the matter under advisement and allowed both parties a chance to file supporting memoranda. This Court then denied Mr. Rachak's Petition by Order of April 5, 2012 and filed an opinion in support thereof Mr. Rachak now appeals this Court's denial of his Petition for Post–Conviction Relief.

## II. *Post–Conviction Relief*

The Post–Conviction Relief Act states that in order to be eligible for relief, the petitioner, here Defendant,

> must plead and prove by a preponderance of the evidence all of the following:

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted … currently serving a sentence of imprisonment, probation or parole for the crime;

> (2) That the conviction or sentence resulted from one or more of the following:

>> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

>> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

>> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

>> (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

>> (v) Deleted.

>> (vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

>> (vii) The imposition of a sentence greater than the lawful maximum.

>> (viii) A proceeding in a tribunal without jurisdiction.

(3) That the allegation of error has not been previously litigated or waived.

(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa. Cons. Stat. Ann. § 9543(a). Defendant must meet all four requirements of the statute to be eligible for relief.

### A. Requirement One

Both sides agree that Defendant meets the first requirement; he has been convicted of a crime under the laws of this Commonwealth and is currently serving a sentence on that crime.

### B. Requirement Two

Defendant argues only that his guilty plea was not freely, voluntarily, and knowingly entered. Therefore, the Court need not address the issues found in subsections (a)(i), (a)(ii), and (a)(iv) through (a)(viii). A plea of guilty is unlawfully induced "where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa. Cons.Stat. Ann. § 9543(a)(iii).

"An attempt to withdraw a plea of guilty after sentencing will only be granted where the defendant is able to show that his plea was the result of manifest injustice." *Commonwealth v. Blackwell*, 436 Pa.Super. 294, 647 A.2d 915, 921 (1994) (citing *Commonwealth v. Holbrook*, 427 Pa.Super. 387, 629 A.2d 154, 158 (1993)). To establish such manifest injustice, Defendant "must show that his plea was involuntary or was given without knowledge of the charge." *Id.* The Pennsylvania Rules of Criminal Procedure mandate that a guilty plea be offered in open court, and advise that the trial court should inquire into at least six areas in order to show that the plea was voluntarily, knowingly, and intelligently entered. *Id.* (citing *Commonwealth v. Fluharty*, 429 Pa.Super. 213, 632 A.2d 312, 314 (1993); Pa.R.Crim.P. [590], cmt). Those six areas include:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* (citing *Commonwealth v. Fluharty*, 632 A.2d at 314; Pa.R.Crim.P. [590], cmt).

The Court went through an extensive oral colloquy with Defendant at the time of his guilty plea. At that time, Defendant indicated that he understood what he was pleading guilty to one count of possession and one count of possession of drug paraphernalia—and that he understood the maximum penalties for those offenses to which he pled. (Notes of Testimony, 7/20/11, at 3–4.) The Court stated the facts alleged, namely that Defendant possessed cocaine and drug paraphernalia on the date in question, and asked if Defendant had in fact possessed those items; Defendant indicated that he had. (N.T., 7/20/11, at 4–5.) The Court also informed Defendant of his right to a trial by jury and instructed him that it is the responsibility of the Commonwealth, not Defendant, to prove guilt. (N.T., 7/20/11, at 3.) Defendant also acknowledged that he understood the terms of the plea agreement. (N.T., 7/20/11, at 3.)

Defendant argues that his plea was not voluntarily, knowingly, and intelligently entered because he was unaware of the immigration consequences associated with a conviction of the crimes to which he pled guilty. Defendant cites *Padilla v. Kentucky* in support of his argument. *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). In that case, however, the defendant had counsel who improperly advised him of immigration consequences prior to entering his guilty plea. "*Padilla* clarified and redefined the scope of a criminal defendant's long-standing constitutional right to the effective assistance of counsel during the guilty plea process." *Commonwealth v. Garcia*, 23 A.3d 1059, 1065 (Pa.Super.Ct.2011). Although *Padilla* effectively ended the categorization of immigration consequences as "collateral," it did not saddle courts with the responsibility of determining if every defendant before them is a United States citizen before accepting a guilty plea. Just as the court is ignorant of a defendant's criminal history and whether or not a guilty plea will result in a parole or probation violation, it is ignorant of a defendant's citizenship status and whether or not a guilty plea will result in deportation. While the United States Supreme Court has recognized that lawyers have a responsibility to inform clients of potential immigration consequences before entering a guilty plea, it has not, as of this date, placed the same responsibility on the courts.

It is this Court's belief, based on Defendant's responses to questions asked during the in-court colloquy, that he entered his plea voluntarily, knowingly, and intelligently. Furthermore, to meet the requirement of an unlawfully-induced guilty plea under the Post–Conviction Relief Act, Defendant must also show that the circumstances make it likely "that the inducement caused the petitioner to plead guilty

and the petitioner is innocent." 42 Pa. Cons.Stat. Ann. § 9543(a)(iii) (emphasis added). Defendant has not asserted his innocence. In fact, at the hearing on his Petition for Relief, Defendant testified that he told the truth when he entered his guilty plea and that when this Court asked if he had possessed cocaine and drug paraphernalia on the date in question, he had not lied by responding affirmatively. Such testimony would fly directly in the face of a claim of innocence—a claim that was put forth neither in his Petition for Relief nor in his supporting Memorandum of Law, submitted after the hearing. It is the Commonwealth's burden to prove guilt and not the defendant's burden to prove innocence in a criminal case; however, where the defendant is petitioning for Post–Conviction Relief under the Act, he must show that "the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa. Cons.Stat. Ann. § 9543(a)(in). Defendant has failed to make such a showing in this case.

Therefore, Defendant has not met the second requirement necessary for relief under the Post–Conviction Relief Act.

### C. *Requirement Three*

To be eligible for relief, Defendant's allegation of error must not have been previously litigated or waived. Both parties agree this allegation of error has not been previously litigated. However, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." 42 Pa. Cons.Stat. Ann. § 9544(b).

"Ordinarily, failure to petition to withdraw plea, combined with failure to pursue direct appeal will bar consideration of an attack on one's plea in collateral proceed-

ings." *Commonwealth v. McGriff,* 432 Pa.Super. 467, 638 A.2d 1032, 1036 (1994) (citing *Commonwealth v. Scott,* 318 Pa.Super. 526, 465 A.2d 678, 679 (1983)). Defendant neither filed any post-sentence motions to withdraw his plea, nor did he file any direct appeal. As the issue of whether his plea was voluntarily, knowingly, and intelligently entered is one that could have been raised previously, Defendant has waived it. *See id.* at 1036 (citing 42 Pa. Cons.Stat. Ann. § 9544(b)).

Therefore, this Court believes Defendant has not met the third requirement necessary for relief under the Post-Conviction Relief Act.

### D. *Requirement Four*

The fourth requirement—that failure to have previously litigated the issue was not the result of any rational, strategic or tactical decision by counsel—is clearly met here since Defendant appeared pro se up until the filing of this Petition for Relief.

Even if the Court found, arguendo, that Defendant had not waived his claim because he was unaware of the immigration consequences related to his guilty plea until after the time for filing post-sentence motions and appeals had lapsed, this Court still finds that Defendant did not meet the second requirement under the Act, thereby making him ineligible for relief.

Finally, the Court would note that despite Defendant's harsh recounting of its afore-issued opinion, it is not without sympathy for Defendant's current dilemma. While the Court can appreciate that a defendant might find the possibility of deportation more important than the possibility of incarceration, it must judge the Petition before it based on the law. De-

fendant has filed a Petition for Post-Conviction Relief and the Court has analyzed his Petition according to the Act itself. While it is unfortunate that Defendant has been subject to deportation as a result of his guilty plea, his failure to meet the requirements of the Act make him ineligible for Post-Conviction Relief.

### III. *Conclusion*

Based upon the reasons stated above, this Court respectfully urges affirmance of the certification, conviction, and sentence of the Defendant.

BY THE COURT,

[s/] Michael E. Bortner

MICHAEL E. BORTNER, JUDGE

DATED: June *6,* 2012

Trial Court Opinion, 6/6/12.

Order affirmed.[3]

---

**3.** On October 22, 2012, Appellant filed a motion to expedite decision in this matter. Because the filing of this Opinion renders fur-

ther discussion of the motion unnecessary, the motion to expedite decision is DENIED as moot.