J-S63044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD W. HARSHMAN, | |
| Appellant | No. 632 MDA 2014 |

Appeal from the PCRA Order March 11, 2014
in the Court of Common Pleas of Franklin County
Criminal Division at No.: CP-28-CR-0000851-2000

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 25, 2015**

Appellant, Ronald W. Harshman, appeals from the court's denial of his counseled amended petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  We affirm in part, vacate in part, and remand with instructions.

The PCRA court summarized the procedural history of this case as follows:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] This case returns to us after remand.  **See Commonwealth v. Harshman**, No. 1644 MDA 2010, unpublished memorandum at *10 (Pa. Super. filed Aug. 31, 2011).

Appellant was convicted by jury of first[-]degree murder on July 13, 2001 for the 1985 murder of [Melvin] Snyder.[2] Appellant was sentenced that day to life in prison. Following sentencing, Appellant appealed the judgment of sentence to the Pennsylvania Superior Court, which affirmed [the trial c]ourt's judgment of sentence on October 11, 2002. [(**See Commonwealth v. Harshman**, No. 100 MDA 2002, unpublished memorandum at *1 (Pa. Super. filed Oct. 11, 2002)).] The Pennsylvania Supreme Court denied Appellant's [p]etition for [a]llowance of [a]ppeal without opinion on March 5, 2004. [(**See Commonwealth v. Harshman**, 40 A.3d 120 (Pa. 2012)).]

After exhausting his direct appeals[,] Appellant filed a timely *pro se* [PCRA petition] on December 13, 2004. Counsel was retained[,] who filed an [a]mended PCRA [p]etition on June 30, 2006. Evidentiary hearings were conducted on August 3, September 10, December 17, 2009, September 6, 2012, and March 28, 2013.

At the first evidentiary hearing held on August 3, 2009, Appellant called only one witness, Walter Dill ("Dill"). Dill gave testimony that he had contacted David Keller, Appellant's trial counsel, regarding his brother-in-law, Keith Granlun's (Granlun) testimony at Appellant's trial. Appellant attempted to call two more witnesses, Randi Kohr ("Kohr") and Granlun[,] both of who[m] testified against Appellant at his trial in 2001. The averment made by Appellant in his [a]mended PCRA [p]etition was that both men now wanted to recant their previous trial testimony. However, after consulting with independent counsel appointed by the [PCRA c]ourt[,] both men chose to invoke their Fifth Amendment right against self-incrimination under the U.S. Constitution[,] thereby offering no testimony at the PCRA hearing.

---

[2] Snyder disappeared under suspicious circumstances after Appellant learned that his wife, Teresa, was having an extramarital affair with Snyder. Although at the time of his death, Snyder was no longer involved with Teresa, Appellant blamed Snyder for ruining his marriage. Snyder was declared dead upon the petition of his wife, Joan, in 1993. His body has never been located. (**See Harshman**, 1644 MDA 2010, at *1; PCRA Court Opinion, 3/11/14, at 5; PCRA Court Opinion, 6/10/14, at 1-2).

As a result, PCRA counsel attempted to have a written statement by Kohr and letters sent by Kohr to his then girlfriend[,] Megin (Chilcote) Kohr[,] admitted into evidence over the Commonwealth's objections. The [PCRA c]ourt reserved ruling on the admissibility of these exhibits and the proffered testimony of several of Appellant's other witnesses allowing counsel time to submit briefs. After reviewing the briefs submitted, the [PCRA c]ourt ruled that the proffered exhibits and other witness testimony were inadmissible because they constituted hearsay in violation of the Pennsylvania Rules of Evidence.

At the evidentiary hearing held on September 10, 2009[,] Appellant presented testimony of Megin (Chilcote) Kohr. She testified regarding her understanding that a deal existed "that if Randi [Kohr] would testify in the Harshman case that he [Franklin County District Attorney Jack Nelson] would release[] Randi." She further testified that she spoke with District Attorney Nelson and County Detective Mark Christman on several occasions regarding Kohr's release from prison. This concluded the evidence presented by Appellant.

At the evidentiary hearing held on December 14, 2009[,] the Commonwealth presented evidence through the testimony of retired Franklin County Detective Mark Christman. Through his testimony[,] letters written by District Attorney Nelson to the Pennsylvania State Parole Board were admitted into evidence without objection. Despite cross[-]examination by Appellant, Detective Christman maintained that he was not aware of any "deal" other than what was contained in the letters from District Attorney Nelson. The letters evidenced a willingness by the District Attorney to inform the State Parole Board in Harrisburg of Kohr's cooperation. The letters ask for the Board to take his cooperation into consideration and "perhaps grant him an earlier release date." That concluded the evidence and the parties were given an opportunity to submit briefs in support of their positions. . . .

(PCRA Court Opinion, 6/10/14, at 3-5) (record citations and footnotes omitted).

The PCRA court denied Appellant's claims on September 13, 2010. Appellant timely appealed on October 6, 2010.[3]

On August 31, 2011, this Court affirmed the PCRA court's denial of Appellant's requests to recuse the district attorney's office and admit hearsay evidence, and remanded "with respect to [the PCRA court's] ruling on the application of [Randi Kohr and Keith Granlun's] right against self-incrimination." (**Harshman**, 1644 MDA 2010, at \*12). Appellant's remaining challenges were not reached.

The PCRA court held evidentiary hearings on September 6, 2012 and March 28, 2013, after the remand. On March 5, 2013, the court sustained the Commonwealth's objection to the admissibility of hearsay evidence, and ultimately denied Appellant's remaining PCRA claims on March 11, 2014. Appellant timely appealed on April 8, 2014.[4]

Appellant raises the following issues for our review:

1. [Whether t]he [PCRA c]ourt erred by refusing to obey the August 31, 2011 Superior Court remand Order by not allowing [Appellant's] counsel to ask specific questions of Randi Kohr, a

---

[3] Pursuant to the court's order, Appellant filed a timely Rule 1925(b) statement on November 1, 2010. The court entered its Rule 1925(a) opinion on December 1, 2010. **See** Pa.R.A.P. 1925.

[4] Pursuant to the court's order, Appellant filed a timely Rule 1925(b) statement on May 5, 2014, raising seven issues. The court entered its Rule 1925(a) opinion on June 10, 2014, addressing Appellant's issues one, two, three, and five; and incorporating by reference its opinions accompanying the orders filed March 5, 2013, as it addressed issue six, and March 11, 2014, as it addressed issues four and seven. **See** Pa.R.A.P. 1925.

- 4 -

witness who invoked his fifth amendment privilege, the specific reason this matter was remanded to the [PCRA c]ourt[?]

2.    [Whether t]he [PCRA c]ourt erred in not recognizing the presence of an undisclosed deal between the Commonwealth and witness Keith Granlun, a key Commonwealth witness, in which the Commonwealth offered Mr. Granlun immediate release from prison, early termination of his parole sentence, and remission of all his fines and costs in excess of $1,300 in an unrelated matter in exchange for his trial testimony against [Appellant?]

3.    [Whether t]he [PCRA c]ourt erred in failing to apply the legal standards to the presence of an undisclosed deal with a key witness, by instead placing the emphasis of the presence of a deal between the Commonwealth and Mr. Granlun on what impact Mr. Granlun's truthful testimony would have had on the jury instead of the fact that such a deal existed and went undisclosed to the jury[?]

4.    [Whether t]he [PCRA c]ourt erred in its analysis that Mr. Granlun's trial testimony, had it been accurate, would not have made a difference in the trial despite the fact that Mr. Granlun was identified as a "key" witness by the Commonwealth in an [o]rder to terminate Mr. Granlun's parole early and remit all his fines and costs in exchange for his testimony at trial, and despite the fact that the Commonwealth went to great lengths at trial to tell the jury that no such deal existed with Mr. Granlun or any other witness[?]

5.    [Whether t]he [PCRA c]ourt erred in not allowing a credible witness, Walt Dill, to testify that he was aware at the time of trial that Mr. Granlun's testimony was false[?]

6.    [Whether, i]n light of Mr. Granlun's testimony, the [PCRA c]ourt erred in not admitting into evidence contemporary and corroborating evidence, physical and testimonial, that, Randi Kohr, a key [trial] witness for the Commonwealth, who again exercised his fifth amendment privilege, lied at [Appellant's] trial and that a deal existed between material witnesses and the Commonwealth in exchange for testimony that was not disclosed to trial counsel or the jury[?]

7.    [Whether t]he [PCRA c]ourt erred in its analysis of the ineffectiveness of trial counsel's failure to interview Keith

Granlun, a Commonwealth witness who requested to speak to trial counsel prior to the trial to inform him that his and other witness testimony was false[?]

(Appellant's Brief, at unnumbered pages 4-5).[5]

Our standard of review is well-settled:

> When reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the determination of the PCRA court and whether the ruling is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

**Commonwealth v. Rachak**, 62 A.3d 389, 391 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013) (citations omitted).

A PCRA petitioner is eligible for relief if the claim is cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a). Cognizable claims include constitutional violations, ineffective assistance of counsel that undermined the truth-determining process, and subsequently available exculpatory evidence that would have changed the outcome of the trial. **See** 42 Pa.C.S.A. § 9543(a)(2)(i), (ii), and (vi).

In his first issue, Appellant claims that a violation of his due process rights occurred when the PCRA court refused to obey this Court's remand

---

[5] We note for the benefit of counsel that Appellant's brief materially fails to comply with our Rules of Appellate Procedure. The prefatory pages of Appellant's brief are unnumbered. The pages are numbered starting at "Argument for Appellant" as pages 1-43. **See** Pa.R.A.P. 2173. The length of the brief exceeds thirty pages. **See** Pa.R.A.P. 2135. The cover page of the brief fails to include counsel's name, office address, and telephone number. **See** Pa.R.A.P. 2172(a)(6).

order and permit counsel to ask specific questions of witness, Randi Kohr, at the September 6, 2012 evidentiary hearing. (*See* Appellant's Brief at 7-11). We agree.

The PCRA court explained the basis for its decision as follows:

. . . [Mr.] Kohr persisted with his invocation of the Fifth Amendment protection against self-incrimination. We again found that Kohr was entitled to blanket immunity from defense counsel's questioning. While the Superior Court ordered us to allow individual questions and invocation of the Fifth Amendment for each specific question, we respectfully disagree with the Superior Court's decision.

(PCRA Ct. Op., 6/10/14, at 7).

"It [is] the duty of the court below, on remand, to comply strictly with our mandate and such compliance require[s] the court to proceed in a manner consistent with the views expressed in our [memorandum] . . . ." *Commonwealth v. Tick*, 246 A.2d 424, 425 (Pa. 1968) (citation and footnote omitted).

Accordingly, in light of our previous conclusion, "that the PCRA court abdicated its responsibility to evaluate objectively whether the witness had a reasonable fear of incrimination in response to specific propounded questions[,]" (*Harshman*, 1644 MDA 2010, at *10), and the court's blatant refusal to comply with our remand order, we must again vacate the PCRA court's order on this issue and remand for further proceedings.

In his second, third, and fourth issues, Appellant claims that a violation of his due process rights occurred when the PCRA court failed to recognize an undisclosed deal between the Commonwealth and witness,

Keith Granlun; apply the legal standards to the deal; and recognize the impact that the undisclosed deal could have had on the jury. (**See** Appellant's Brief at 11, 21, 29). These issues lack merit.

It is well-settled that an "appellant must establish that the constitutional violation at issue so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." **Commonwealth v. Strong**, 761 A.2d 1167, 1170-71 (Pa. 2000) (citations omitted). Therefore, an appellant must demonstrate that: (1) an agreement exists; and (2) the undisclosed information was material to the trial. **See** **id.** at 1171-74.

Furthermore:

[a]ny implication, promise or understanding that the government would extend leniency in exchange for a witness's testimony is relevant to the witness's credibility. When the failure of the prosecution to produce material evidence raises a reasonable probability that the result of the trial would have been different if the evidence had been produced, due process has been violated and a new trial is warranted.

**Commonwealth v. Burkhardt**, 833 A.2d 233, 241 (Pa. Super. 2003) (*en banc*), *appeal denied*, 847 A.2d 1277 (Pa. 2004) (citations omitted).

In this case, Appellant argues that Mr. Granlun's PCRA testimony established that he lied at Appellant's trial and his false trial testimony "was the result of a deal offered to him by the Commonwealth." (Appellant's Brief, at 11). Specifically, he claims that "Mr. Granlun was promised to be released from prison immediately if he testified against [Appellant], but if he didn't testify he was under the fear that he would remain in prison." (**Id.** at

18; *see* N.T. PCRA Hearing, 9/06/12, at 22-23, 25-26). Furthermore, Mr. Granlun "testified that his parole would be terminated and any money he owed from another case would be forgiven." (Appellant's Brief, at 19; *see* N.T. PCRA Hearing, 9/06/12, at 22, 24-25, 36).

We note that "[r]ecantation testimony is one of the least reliable forms of proof, particularly when it constitutes an admission of perjury." *Commonwealth v. Padillas*, 997 A.2d 356, 366 (Pa. Super. 2010), *appeal denied*, 14 A.3d 826 (Pa. 2010) (citation and internal quotation marks omitted).

Here, the PCRA court explained the basis for its decision as follows:

. . . [W]e find [Mr.] Granlun lacks credibility. . . . He either lied at trial or at this [PCRA] hearing or at both. At the time of the PCRA hearing, the statute of limitations had run[,] which would prevent his conviction for any perjury charge resulting in no fear of criminal prosecution even if [he] were lying. Furthermore, [Mr.] Dill, Granlun's own family member, testified to Granlun's lack of credibility. Dill stated that Granlun "was a hustler, that he would sell his own mother if he got the opportunity to get his way and I wouldn't buy ten cents of what he said." Therefore, we do not believe Granlun's testimony that he was offered a deal in exchange for his testimony.

(PCRA Ct. Op., 6/10/14, at 11 (record citation omitted)). Upon review, we agree and conclude that the record supports the court's determination that there was no undisclosed deal. Furthermore, we grant great deference to the credibility determinations of the PCRA court. *See Rachak*, *supra* at 391.

- 9 -

Moreover, even if a deal existed and it was material, Appellant fails to prove how it would have changed the outcome of Appellant's trial.

We note that "the Commonwealth . . . may sustain its burden by means of wholly circumstantial evidence." *Commonwealth v. DiPanfilo*, 993 A.2d 1262, 1264 (Pa. Super. 2010), *appeal denied*, 40 A.3d 120 (Pa. 2012) (citation omitted).

Here, the record reflects that the jury could have found Appellant guilty based on Mr. Kohr's testimony and a plethora of circumstantial evidence.

> . . . [T]he jury heard evidence that [Appellant] previously crashed his car into Snyder's vehicle and fired two gunshots at him, missing him both times. [Appellant] informed people that he would seek revenge against Snyder for ruining his marriage. Within days of receiving divorce papers from his wife, [Appellant] purchased a .25 caliber pistol. On May 25, 1985, Snyder had disappeared. His gardening tools were strewn about the garden in atypical fashion, suggesting a disturbance. Neighbors reported seeing a brown pickup truck at the Snyder residence. A .25 caliber pistol shell casing was found in the Snyder barn. Several days later, the same neighbors noticed the same brown pickup truck at [Appellant's] residence. Snyder's truck was found in Maryland with all of his personal belongings, and was wiped clean of fingerprints. Years later, in 1999, after [Appellant] had moved, [his] property was searched and a .25 caliber pistol shell casing was found. It was determined that the gun that shot this round was the same gun that shot the shell found at the Snyder residence.

(PCRA Court Opinion, 3/11/14, at 5).

Accordingly, the record supports the PCRA court's denial of relief on these claims.

In his fifth issue, Appellant claims that the PCRA court erred in prohibiting witness, Walt Dill, from testifying that he was aware that Mr. Granlun's trial testimony was false. (**See** Appellant's Brief, at 32). This issue lacks merit.[6]

> It is well[-]settled that the admission or rejection of [witness testimony] is within the sound discretion of the trial court. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the court has reached a conclusion [that] overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

**Commonwealth v. Davido**, 2014 WL 7182086, at *28 (Pa. filed Dec. 15, 2014) (citations and quotation marks omitted).

Here, the PCRA court explained:

> Dill testified a second time at the second PCRA hearing on September 6, 2012. At this hearing Dill testified to the same thing, *i.e.*, that Granlun wanted him to contact Appellant's trial counsel to tell trial counsel to go to the Franklin County Jail to talk with [Granlun] about the trial. He also testified that: "I told [trial counsel David Keller] that my brother-in-law told me that there was a bunch of guys going to lie at the trial and he wanted him to come down to ask him to help him out or whatever." This testimony, which was not objected to by the Commonwealth, seems to infer exactly what Appellant claims that we disallowed in error. That testimony suggests that Dill was aware that at the time of trial that Granlun's testimony was false.

(PCRA Ct. Op., 6/10/14, at 15 (record citation omitted)).

---

[6] We note that we could find this issue waived for Appellant's failure to provide a specific reference to the record where the issue was preserved. (**See** Appellant's Brief, at 32-34); **see also** Pa.R.A.P. 2117(c), 2119(e). However, because we can discern his argument and conduct meaningful appellate review, we will review the issue on its merits.

- 11 -

Additionally, although our independent review of the record reflects that the court prohibited Mr. Dill from answering certain questions, this was not an abuse of discretion. For example, the court precluded an answer to the following question: "And did [Granlun], in fact, confide in you that he had testified falsely at trial?" (N.T. PCRA Hearing, 9/06/12, at 57). Specifically, the court found that Dill's testimony constituted hearsay and did not qualify as a statement against interest because Mr. Granlun was available to testify and did testify as to what he told Dill. (*See id.* at 57-58). The court further prohibited Mr. Dill from answering the following question on the basis that it was irrelevant: "[D]id you form a belief as to whether [Granlun] had told the truth or not [at Appellant's trial]?" (*Id.* at 58; *see id.* at 58-59).

Accordingly, we find no abuse of discretion and the record supports the PCRA court's denial of relief on this claim.

In his sixth issue, Appellant claims that, in light of Mr. Granlun's testimony and Mr. Kohr's continued assertion of his right not to incriminate himself, the PCRA court erred in excluding corroborating evidence that Mr. Kohr lied at Appellant's trial in exchange for a deal with the Commonwealth. (*See* Appellant's Brief at 34-35). This issue lacks merit.

It is well-settled that "[a]n issue has been previously litigated if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *Davido*, *supra* at *5

(citations and internal quotation marks omitted); *see also* 42 Pa.C.S.A. §§ 9543(a)(3) and 9544(a).

In the October 6, 2010 PCRA appeal, Appellant unsuccessfully challenged the exclusion of corroborating evidence that witnesses lied at trial and undisclosed deals existed with the Commonwealth in exchange for their testimonies. (*See Harshman*, 1644 MDA 2010, at 5-8). In the instant PCRA appeal, Appellant, in light of Mr. Granlun's testimony, challenges that same corroborating evidence as it relates to Mr. Kohr. (*See* Appellant's Brief, at 34-35). However, "a PCRA petitioner cannot obtain additional review of previously litigated claims by presenting new theories of relief[.]" *Davido*, *supra* at *12. Here, the record reflects that the present claim is not sufficiently distinct to avoid the prior litigation bar.

Furthermore, this Court has concluded that the "proffered testimony [was not] corroborated by circumstances indicating its trustworthiness. . . . [and] none of the proffered evidence qualified for the statement against interest exception." (*Harshman*, 1644 MDA 2010, at 8) (internal quotation marks omitted).

Accordingly, because Appellant has previously litigated this issue, we conclude that the PCRA court properly precluded the proffered evidence. *See Davido*, *supra* at *12. Appellant's sixth issue lacks merit.

In his final issue, Appellant claims that he received ineffective assistance of counsel for counsel's failure to interview Mr. Granlun. (*See* Appellant's Brief at 36-41). Specifically, Appellant argues that counsel failed

to "follow through on making sure he met with Mr. Granlun" when he was informed that "all the jailhouse testimony was a lie and that there was an undisclosed deal for [his] testimony." (**Id.** at 36). We disagree.

It is well-settled that "[a] criminal defendant has the right to effective counsel . . . during trial." **Commonwealth v. Rathfon**, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Counsel is presumed effective, and an appellant bears the burden to prove otherwise. **See Commonwealth v. Bennett**, 57 A.3d 1185, 1195 (Pa. 2012). A PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. **See Strickland v. Washington**, 466 U.S. 668, 687 (1984). Pennsylvania has further refined the **Strickland** test into a three-prong inquiry. An appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the appellant suffered actual prejudice as a result. **See Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987). A failure to satisfy any prong of the ineffective assistance of counsel test will require rejection of the claim. **See Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). Moreover, deference is given to the PCRA court's credibility determination if supported by the record. **See Spotz, supra** at 312-13.

At Appellant's PCRA hearing, his trial counsel testified that Mr. Dill contacted him and "wanted to know if [he] could help Granlun. . . . [because] Granlun was in over his head and didn't really know what to do[.]" (N.T. PCRA Hearing, 3/28/13, at 35). Counsel further stated that he "went

to Franklin County Prison on July 7[, 2001,] which would have been a Saturday, two days before trial[,] . . . [t]o try to talk to Granlun." (*Id.*). Trial counsel was unable to speak with Granlun but could not recall a reason. (*See id.* at 36). However, counsel indicated that, at Appellant's trial, he cross-examined Granlun about conflicting statements he made to Pennsylvania State Police Trooper Nicolas Bloschichak in October 2000 and Franklin County Detective Mark Christman in December 2000 related to his trial testimony. (*See id.* at 36-38). Any reasonable basis for the course of action selected proves effectiveness, not a hindsight evaluation to determine the best strategic alternative. *See Commonwealth v. Charleston*, 94 A.3d 1012, 1027 (Pa. Super. 2014), *appeal denied*, __ A.3d __ (Pa. filed Dec. 23, 2014).

Therefore, we conclude that the PCRA court properly found that Appellant failed to meet his burden of pleading and proving all three prongs of the *Pierce* test for ineffective assistance of counsel and his final issue lacks merit.

Order affirmed in part, vacated in part, and remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2015

- 15 -