**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SINARD ALEX BALLARD | : | |
| | : | |
| Appellant | : | No. 443 MDA 2017 |

Appeal from the PCRA Order May 3, 2016
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003474-2008

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:            **FILED FEBRUARY 16, 2018**

Sinard Alex Ballard (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq*.  After review, we affirm.

The pertinent facts and procedural history are as follows:   On July 12, 2010, Appellant entered an open plea of guilty to one count of third-degree murder and two counts of robbery.[1]  On September 28, 2010, the trial court sentenced Appellant to a term of imprisonment of 20 to 40 years for murder, and a concurrent five to ten years on the first count of robbery, with the second robbery count merging with the first for sentencing purposes.

---

[1] 18 Pa.C.S.A. §§ 2502(c) and 3701(a)(1)(i).

Appellant filed a motion for reconsideration, followed by a direct appeal on September 29, 2010. In both filings, he challenged only the discretionary aspects of his sentence. On July 27, 2011, this Court denied Appellant's appeal.[2] ***Commonwealth v. Ballard***, 1734 MDA 2010 (Pa. Super. 2011). Appellant filed a *pro se* PCRA petition on September 5, 2012, and on October 5, 2012, the court appointed counsel to represent Appellant. Following a hearing on May 16, 2013, the court concluded that the PCRA petition was inappropriate because Appellant had not yet exhausted his direct appeal rights. The court therefore reinstated Appellant's right to appeal to the Pennsylvania Supreme Court from this Court's July 27, 2011 order denying his appeal. Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court on June 6, 2013; the Supreme Court denied the petition on October 10, 2013.

On June 6, 2014, Appellant filed a timely *pro se* PCRA petition.[3] The court appointed counsel who filed an amended petition, and the PCRA court

_____

[2] Because Appellant challenged only the discretionary aspects of his sentence, this Court treated his direct appeal as a petition for of allowance of appeal, which this Court then denied. ***See Commonwealth v. Sauers***, 159 A.3d 1, 15 (Pa. Super. 2017) ("where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal"), ***appeal denied***, 170 A.3d 1057 (Pa. 2017).

[3] Pursuant to 42 Pa.C.S.A. § 9545(b)(1), a PCRA petition must be filed within one year of the date the judgment becomes final. In this case, Appellant's judgment of sentence became final on or about January 8, 2014, ninety days after the Pennsylvania Supreme Court denied the petition for

*(Footnote Continued Next Page)*

conducted evidentiary hearings on June 23, 2015 and July 9, 2015. On May 3, 2016, the PCRA court denied and dismissed the PCRA petition. PCRA Court Order, 5/3/16. Appellant filed a notice of appeal on May 19, 2016, which this Court dismissed on July 15, 2016 for failure of Appellant to file a docketing statement. Order, 851 MDA 2016, 7/15/16. On February 28, 2017, the PCRA court reinstated Appellant's appellate rights *nunc pro tunc* and appointed new counsel who filed a notice of appeal on March 6, 2017. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises a single issue for our review:

1. Whether trial counsel was ineffective in guaranteeing that the Appellant would receive a certain sentence which the Appellant relied upon, thus making his guilty plea involuntary.

Appellant's Brief at 1.

Appellant argues that trial counsel was ineffective for guaranteeing Appellant a sentence that he did not receive. Appellant's Brief at 6-7. Specifically, Appellant claims that he pled guilty as a direct result of trial counsel's guarantee that he would receive a total prison term of nine to 18 years. *Id.* at 6. Therefore, Appellant asserts that he should be given the opportunity to withdraw his plea and proceed to trial.

*(Footnote Continued)* ⸺⸺⸺⸺⸺⸺⸺

allowance of appeal and time expired for Appellant to seek *certiorari* in the United States Supreme Court. 42 Pa.C.S.A. § 9545(b)(3); U.S. S.Ct. Rule 13. Appellant's PCRA petition filed on June 6, 2014 is therefore timely.

"To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b); ***Commonwealth v. Rachak***, 62 A.3d 389, 391 (Pa. Super. 2012) ("While [the a]ppellant focuses on the voluntariness of his guilty plea, that issue should have been raised on direct appeal; it was not. Therefore the issue is waived.") (footnote omitted)), ***appeal denied***, 67 A.3d 796 (Pa. 2013). Here, Appellant could have raised his claim challenging the validity of his guilty plea in a post-sentence motion and on direct appeal to this Court, but failed to do so. Therefore, we could find this claim waived.

To the extent that Appellant argues that trial counsel was ineffective for unlawfully inducing Appellant's plea, this claim is unsupported by the record. At the guilty plea hearing on July 12, 2010, the trial court conducted a thorough colloquy and Appellant stated that he understood he could receive a maximum sentence of 40 years of imprisonment on the charge of third-degree murder, and maximum sentences of 20 years of imprisonment on the robbery charges. N.T., 7/12/10, at 6-7, 14-16. The record reads:

Assistant District Attorney: The maximum sentences on the three counts . . . murder of the third degree is a maximum of 40 years . . . Robbery in count two . .

| | |
|---|---|
| | . is . . . 20 years . . . maximum. And robbery count three . . . is . . . 20 years . . . maximum. |
| Trial Court: | Do you understand that, sir? |
| Appellant: | This is what the statute hold[s] or this is what the Commonwealth is seeking? |
| Trial Court: | No, that's the statute. |
| Counsel for Appellant: | That's the definition of the maximum penalty. |

...

| | |
|---|---|
| Trial Court: | The next and most important part of all this I think in my point of view in dealing with you today, sir, is you must assure me so that I understand completely, sir, that this is a completely voluntary thing on your part. I must be assured, sir, that no one has promised you any special consideration, that no one has promised you anything concerning my participation in this case. Because I assure you, sir, I made no commitment to anyone; not any lawyer, not any detective, not any defense counsel, not any prosecutor about what a sentence would be. And quite frankly, at this juncture, sir, I'm not quite sure what the sentence is going to be until I get a presentence investigation on you and I learn more about you and give you an opportunity and along with everybody else in this case at sentencing to articulate, to tell me what is important at sentencing, sir. |

|              | I will listen to whatever you want to present at that point in time. I will listen to whatever the Commonwealth wants to present. And that will be all important to me in my determination of what your sentence is going to be, but I assure you at this time I have nothing set in my mind about what your sentence is going to be. If someone has told you that I have made a commitment, that's not true. Do you understand that, sir? |
|--------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| Appellant:   | Yes, I do, sir. |
| Trial Court: | All right. Based upon that, do you still want to proceed with this plea? |
| Appellant:   | Yes, I do. |

N.T., 7/12/10, at 13-16.

As indicated above, the record does not reflect that Appellant entered his guilty plea based on the guarantee of counsel that he would receive a predetermined sentence. Rather, the record indicates that Appellant was advised of the statutory maximums he faced, with the judge stating unequivocally that he would sentence Appellant prospectively, and only after the judge reviewed a presentence investigation report and heard from both parties.

Appellant fails to expand on or otherwise detail his assertion that trial counsel guaranteed him a sentence of nine to 18 years. Appellant's Brief at

6-7. At the PCRA hearing, he simply claimed that he did not pay attention during the guilty plea hearing. The Trial court explained:

> [Appellant's] bald assertion that trial counsel promised or guaranteed [Appellant] a particular sentence . . . is roundly rebutted by [Appellant's] own statements and the overwhelming weight of credible testimony adduced [at] the guilty plea hearing [,] the sentencing hearing [and] the [PCRA] hearings.
>
> . . .
>
> At the June 23, 2015 [PCRA] hearing, [Appellant] repeatedly asserted that he "just signed the paper" and "didn't read the document" with regard to the guilty plea. [Appellant] repeatedly asserted that he "was vaguely answering" and that with regard to the detailed and probing colloquy, "I just blew it off, ya know."
>
> . . .
>
> [The trial c]ourt specifically discredited this testimony as against the record and the extensive colloquy [where Appellant] credibly answered detailed questions that convinced [the trial court] that [the] plea was knowing, intelligent, and voluntary.
>
> . . .
>
> [The trial c]ourt specifically did not find [Appellant's] testimony concerning [his counsel's] promise to be credible.
>
> . . .
>
> While [Appellant] may have possessed a hope or anticipation that his sentence would be 9 to 18 years, based upon this Court's credibility determination during the PCRA hearings, [Appellant] has failed to establish [that trial counsel] guaranteed the sentence.

Trial Court Opinion, 10/3/17, at 7-9, 12 (citations to notes of testimony omitted).

Based on the foregoing, we find no merit to Appellant's claim for postconviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2018