J-A21012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEBLE MAITLAND | : | |
| | : | |
| Appellant | : | No. 3354 EDA 2018 |

Appeal from the PCRA Order Entered October 31, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0005478-2016

BEFORE:  BOWES, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                          **FILED OCTOBER 22, 2019**

Keble Maitland appeals from the order that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

The PCRA court summarized the history of this case as follows.

> After an investigation into a group of individuals involved in the trafficking of cocaine, crystal methamphetamine, marijuana, and heroin within Bucks and Philadelphia Counties, the investigation implicated Appellant as a part of this criminal organization as a drug trafficker.  On June 19, 2017, Appellant entered an open guilty plea to one count of possession with intent to deliver.  In the course of pleading guilty, Appellant completely filled out and endorsed a written guilty plea colloquy as well as placed an oral guilty plea colloquy on the record.  This court accepted Appellant's guilty plea as knowing, voluntary, and intelligent. Appellant did not seek to withdraw his guilty plea.  On September 6, 2017, this court sentenced Appellant to a standard range sentence of not less than three (3) years to no more than six (6) years of incarceration on that sole count.  On September 15, 2017, Appellant filed a motion to reconsider sentence.  On November 28, 2017, this court had a hearing on Appellant's motion to reconsider sentence.  At the conclusion of the hearing, this court granted Appellant's motion to reconsider sentence and

imposed a new sentence of two and a half to five years of imprisonment. [Appellant] did not file a direct appeal.

On May 2018, Appellant filed, through counsel, a PCRA petition alleging that trial counsel was ineffective for failing to consult with an immigration lawyer prior to his guilty plea colloquy and for allegedly failing to advise him of the risk of deportation if he pleaded guilty. On August 20, 2018, this court conducted an evidentiary hearing at which trial counsel, Ronald Elgart, Esquire, Appellant, and Appellant's wife, Sydonie Maitland, testified. On October 31, 2018, after the consideration of the arguments of counsel, legal memoranda and testimony of witnesses, this court ordered that [Appellant]'s petition pursuant to the [PCRA] be denied. On November 19, 2018, Appellant entered a timely notice of appeal to the Superior Court.

PCRA Court Opinion, 2/21/19, at 1-2 (footnotes and unnecessary capitalization omitted).

The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant, through counsel, filed a document that was timely in light of the grant of extensions, but was the opposite of concise. The PCRA court determined that the myriad issues suggested in Appellant's statement boil down to an allegation that the PCRA court erred in concluding that Appellant was properly advised of the immigration consequences of his plea such that it was entered knowingly, intelligently, and voluntarily. *Id*. at 3. Accordingly, it authored a Rule 1925(a) opinion addressing that claim of error.

Appellant states the following questions for this court's consideration:

1. Did [A]ppellant make a knowing, intelligent, and voluntary guilty plea and did [A]ppellant to his detriment and permanent harm (deportation upon completion of his state incarceration) rely upon the misleading, untruthful, ineffective, deceitful and

- 2 -

substandard legal advice and counsel from his criminal defense attorney in making the guilty plea?

2. Did the [PCRA] court commit reversible error in the court's denial order of October 31, 2018 to [A]ppellant's PCRA [petition] as well as the court[']s factual and legal findings in the court's opinion of February 19, 2019?

Appellant's brief at 4 (unnecessary capitalization omitted).

We begin with a review of the applicable law. "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa.Super. 2017). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa.Super. 2012).

Counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must plead and prove (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. *Id*. The failure to establish any prong is fatal to the claim. *Id*. at 113. Further, "[i]n the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa.Super. 2017).

Generally, "a defendant's lack of knowledge of collateral consequences of the entry of a guilty plea does not undermine the validity of the plea, and counsel is therefore not constitutionally ineffective for failure to advise a defendant of the collateral consequences of a guilty plea." *Commonwealth v. Abraham*, 62 A.3d 343, 350 (Pa. 2012). However, the United States Supreme Court has recognized that, because changes in immigration law "have made removal nearly an automatic result for a broad class of noncitizen offenders," it is inappropriate "to divorce the penalty from the conviction in the deportation context" in considering the constitutional right to effective assistance of counsel. *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010). Accordingly, "counsel must inform her client whether his plea carries a risk of deportation." *Id*. at 374.

As for the extent of the information that counsel must provide, the High Court indicated as follows:

> Immigration law can be complex, and it is a legal specialty of its own. Some members of the bar who represent clients facing criminal charges, in either state or federal court or both, may not be well versed in it. There will, therefore, undoubtedly be numerous situations in which the deportation consequences of a particular plea are unclear or uncertain. The duty of the private practitioner in such cases is more limited. When the law is not succinct and straightforward . . ., a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear.

*Id*. at 1483 (footnote omitted).

The immigration statute at issue in **Padilla**, the same one implicated by Appellant's plea, provides: "Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States or a foreign country relating to a controlled substance . . ., other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable."  8 U.S.C. § 1227(a)(2)(B)(i).  There was arguable merit to Padilla's claim because, although he had pled guilty to possession of a large amount of marijuana, his counsel not only failed to make him aware of the implications of 8 U.S.C. § 1227(a)(2)(B)(i) on his plea, but advised Padilla that "he did not have to worry about immigration status since he had been in the country so long." **Padilla**, **supra** at 359.

However, this Court has held that to give "correct" advice to a defendant facing PWID charges, counsel does not have to advise his client that he will definitely be deported following a guilty plea.  Rather, counsel's obligation is satisfied upon informing the defendant that he is deportable, faces "a substantial risk of deportation," and/or that deportation proceedings "likely" would be initiated against him.  **Commonwealth v. Escobar**, 70 A.3d 838, 840 (Pa.Super. 2013).  Moreover, while counsel has an obligation to discuss immigration consequences with a client, there is no requirement that a trial court delve into a defendant's understanding of immigration consequences in conducting a guilty plea colloquy.  **Commonwealth v. Rachak**, 62 A.3d 389,

395 (Pa.Super. 2012) (reproducing the PCRA court opinion) ("While the United States Supreme Court has recognized that lawyers have a responsibility to inform clients of potential immigration consequences before entering a guilty plea, it has not, as of this date, placed the same responsibility on the courts.").

In the instant case, Attorney Elgart testified that he was aware that Appellant's immigration status was an issue from the time Appellant was referred to him by another lawyer, and that immigration was an issue raised at his first meeting with Appellant "and every subsequent meeting." N.T. PCRA Hearing, 8/20/18, at 15-16. Attorney Elgart informed Appellant and his wife at their first meeting that they needed "to seek out their own immigration counsel," and provided them with the names of some. *Id*. at 16-17. Attorney Elgart did his own research on the issue, and "made it very clear to [Appellant that] if you go down on the felony drug conviction, you're gone. You will be deported. Or you'll be subject to deportation." *Id*. at 22-23. Attorney Elgart "tried a lot of imaginative plea offers," such as agreeing to "an obscene jail sentence" if the charges were reduced to misdemeanors, but the Commonwealth would not agree. *Id*. at 45, 68. He never told Appellant "anything other than this will result in your deportation." *Id*. at 56.

Additionally, before the trial court accepted the guilty plea, Appellant signed a written plea colloquy that, just above his signature line, indicates an affirmative answer to the question: "Do you understand that if you are not a United States citizen a guilty plea may result in action by the federal

immigration enforcement agencies up to and including deportation?" PCRA Petition, 5/17/18, at Exhibit D, page 8. Attorney Elgart testified not only did he read this question and confirm Appellant's understanding before Appellant signed the form, but he specifically recalled that he and Appellant "looked at each other on that last question because, again, that was the paramount issue in the case." N.T. PCRA Hearing, 8/20/18, at 33.

The PCRA court credited Attorney Elgart's testimony. PCRA Court Opinion, 2/21/19, at 7-8. Moreover, as the PCRA court noted, Appellant admitted that he knew that a guilty plea would affect his immigration status. *Id*. at 7-8 (citing N.T. PCRA Hearing, 8/20/18, at 108). *See also* N.T. PCRA Hearing, 8/20/18, at 86 (Appellant's wife indicating that, from the first meeting with Attorney Elgart, they "were under the impression that if [Appellant] did get in trouble of any kind . . . that would affect his immigration status"); *id*. at 107 (Appellant testifying to same). The PCRA court did not credit Appellant's contradictory evidence that he had no idea that his guilty plea could result in deportation as a result of his guilty plea. *See* PCRA Court Opinion, 2/21/19, at 8; N.T. PCRA Hearing, 8/20/18, at 137.

Appellant's arguments to this Court for reversing the PCRA court's decision hinge on Appellant's belief that he was "by far the more credible witness at the PCRA [h]earing." Appellant's brief at 14. As documented above, the PCRA court's credibility findings are supported by the record, and, thus, may not be disturbed by this Court. *See*, *e.g.*, *Commonwealth v.*

*Medina*, 92 A.3d 1210, 1214 (Pa.Super. 2014) (*en banc*) ("The PCRA court's credibility determinations, when supported by the record, are binding on this Court."). Consequently, Appellant's claim that the PCRA court erred in denying his claim that Attorney Elgert caused Appellant to enter an involuntary plea is meritless.

Therefore, because Appellant has failed to meet his burden of convincing this Court that the PCRA court erred and that relief is due, we affirm the order denying his PCRA petition.

Order affirmed.[1]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/19

---

[1] Appellant filed a Motion for permission to Supplement Brief in this Court on September 16, 2019. Therein, he requested leave to file a brief addressing this Court's decision in **Commonwealth v. Velazquez**, ___ A.3d ___, 2019 PA Super 243 (Pa.Super. August 15, 2019). In that case, this Court affirmed the grant of PCRA relief where plea counsel affirmatively misled Velazquez by specifically informing him that the crime to which he pled guilty was not a deportable offense. No such factual scenario is present in this case given the PCRA court's duly-made factual finding. As such, we deny Appellant's motion.