J-S71032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| JOHN ANTHONY CREACH | : | |
| Appellant | : | No. 707 WDA 2015 |

Appeal from the PCRA Order April 1, 2015
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0001317-2010
CP-04-CR-0001465-2010

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                          **FILED DECEMBER 11, 2015**

John Anthony Creach appeals from the order entered on April 1, 2015, in the Court of Common Pleas of Beaver County, denying him relief on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  In this timely appeal, Creach claims the PCRA court erred: (1) in denying his petition on the basis he did not demonstrate prejudice, and (2) in denying his petition without a hearing.  After a thorough review of the submissions by the parties, the certified record, and relevant law, we affirm.

The underlying facts of this matter arose from a negotiated guilty plea to two separate crimes.  We recite the facts and procedural history from the PCRA court's Pa.R.A.P. 1925(a) opinion.

> In Case Number 1317 of 2010, [Creach] shot and killed Aaron Masters in New Brighton, Pennsylvania on December 1, 2007. By Criminal Information dated August 2, 2010, he was charged

with Criminal Homicide, Robbery, Conspiracy to commit Robbery and lesser offenses. In Case Number 1465 of 2010, on April 4, 2010, [Creach] shot Essex Law five times in New Brighton, Pennsylvania. By Criminal Information dated August 23, 2010, he was charged with Aggravated Assault, Attempted Homicide, and lesser offenses.

In Case Number 1317 of 2010, two co-defendants were also charged with homicide regarding the death of Aaron Masters; Nikia Boyd in Case Number 1315 of 2010 and Travon Cleckly[1] in Case Number 1316 of 2010. The co-defendants reached plea agreements whereby each would cooperate with the Commonwealth in the case against [Creach]. Each co-defendant pleaded guilty to Conspiracy to Commit Robbery and was sentenced to incarceration for a term of five to ten years.

[Creach's] jury trial in Case Number 1317 of 2010 was scheduled to begin on May 4, 2011. While in the process of selecting the jury, the Court was advised that [Creach] and the Commonwealth had reached a plea agreement. [Creach] entered pleas in both cases; in Case Number 1317 of 2010 [Creach] pleaded guilty to Third Degree Murder and in Case Number 1465 of 2010 [Creach] pleaded guilty to Aggravated Assault. On May 5, 2011, pursuant to the terms of the plea agreement, [Creach] was sentenced to an aggregate term of 21½ to 43 years of incarceration; 20 to 40 years of incarceration for the charge of Third Degree Murder and one and one half to three years of incarceration for the charge of Aggravated Assault, to be served consecutively. [Creach] did not file post-sentence motions or a direct appeal in either case.

PCRA Court Opinion, 8/7/2014, at 1-2.

Creach filed a timely, *pro se*, PCRA petition. He was appointed counsel and on May 12, 2014, counsel filed the instant second amended petition on

_____

[1] Cleckley's name is spelled "Cleckly" and "Cleckley" throughout the certified record. However, "Cleckley" is the spelling found in the captions of the bills of information. Therefore, we will use that spelling.

Creach's behalf. In that petition, Creach claimed plea counsel was ineffective for failing to obtain and/or inform him of the details of co-defendant Cleckley's plea agreement regarding a separate crime.[2] Creach argued, had he been aware of the lenient nature of Cleckley's sentence, he would have been able to impeach Cleckley's trial testimony, thereby escaping conviction. Accordingly, he would not have pled guilty and, therefore, his guilty plea was involuntary. Following proper Pa.R.Crim.P. 907 notice, Creach's petition was dismissed without a hearing. This timely appeal followed.

> When reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the determination of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007), *appeal denied,* 593 Pa. 754, 932 A.2d 74 (2007). Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record *Commonwealth v. Wilson,* 824 A.2d 331, 333 (Pa. Super. 2003), *appeal denied,* 576 Pa. 712, 839 A.2d 352 (2003).

*Commonwealth v. Rachak*, 62 A.3d 389, 391 (Pa. Super. 2012).

Further, we note the PCRA court correctly stated:

> "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136,

_____

[2] Cleckley was charged with a variety of crimes regarding the home invasion of Rhonda Harper ("the other crime"). Charges included aggravated assault, robbery, and conspiracy. However, there is no indication Creach was one of those conspirators.

141 (Pa. Super. 2002). "To succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." ***Commonwealth v. Rathfon***, 889 A.2d 365, 369-70 (Pa. Super. 2006).

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

***Id***. (*quoting* ***Hill v. Lockhart***, 474 U.S. 52 (1985)).

PCRA Court Opinion, 8/7/2014, at 5.

In his first argument, Creach claims had he known the lenient nature of co-defendant Cleckley's entire plea agreement, he would not have pled guilty because Cleckley's testimony would have been impeachable and suspect to the point Creach would have been acquitted. The relevant terms of the agreement were that Cleckley would plead guilty to conspiracy to commit robbery in the instant matter and be sentenced to a term of 5-10 years' incarceration. For the other crime, he would plead guilty to reckless endangerment and simple assault and receive a 1-2 year sentence of incarceration to be served concurrently with the 5-10 year sentence. Creach

- 4 -

argues while he was aware of the terms of Cleckley's agreement as it applied to their case, he was unaware of the details of the plea for the other crime.

In denying this claim, the PCRA court noted that prior to pleading guilty, Creach was aware that Cleckley had reached his own plea agreement and would testify against him. Assuming the truth of his claim, that counsel either did not discover the details of Cleckley's plea agreement regarding the other crime or did not inform him of those details, the PCRA court nevertheless concluded Creach could not demonstrate prejudice.[3] The PCRA court reasoned that at the time he entered into his plea agreement, Creach knew that Cleckley's testimony was subject to impeachment because of Cleckley's plea agreement. In fact, Creach knew Cleckley had avoided a potential life sentence in agreeing to plead guilty to conspiracy to commit robbery. However, Creach failed to show, or even argue, how his defense would have been altered knowing the details of Cleckley's other plea agreement. We agree. Acknowledging that Cleckley obtained a favorable sentence in exchange for agreeing to testify against Creach, Creach makes no attempt to demonstrate how knowledge of the second aspect of the Cleckely's plea agreement would or could have substantially benefitted him or how his defense strategy would have been altered in any way.

_____

[3] The Commonwealth asserted it had turned over the details of Cleckley's plea agreement with other discovery. The PCRA court did not make a finding regarding this assertion, having decided the issue on other grounds.

Additionally, Creach's bald assertion had he known the full details of Cleckley's plea agreement, he would have opted to go to trial, ignores the potential evidence against him. ***See*** Criminal Complaint/Affidavit of Probable Cause, 5/10/2010. Absent the plea agreement, we note that Creach faced the possibility of a life sentence for second-degree murder[4] as well as substantial incarceration for a variety of other charges, including the aggravated assault and attempted murder of Essex Law.[5] Accordingly, we find no error in the PCRA court's conclusion that Creach suffered no prejudice from not knowing the extent of Cleckley's plea agreement.

Because we find no error in the PCRA court's substantive analysis and denial of Creach's argument, we find no error in the failure to hold a hearing on the same. Accordingly, Creach is not entitled to relief on this issue.

Order affirmed.

_____

[4] Both Creach and Cleckley were charged with homicide generally. Because the killing allegedly took place during the commission of a robbery, both men faced possible conviction for second-degree murder.

[5] We again note that as part of his plea agreement, Creach received a total of 1½ to 3 years' incarceration for shooting Law five times with a 9 mm handgun.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/11/2015</u>