J. S17037/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| THOMAS CLAYTON TROWERY, JR., | : | No. 1314 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, March 12, 2018,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0000714-2015

BEFORE:  BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 22, 2019**

Thomas Clayton Trowery appeals ***pro se*** from the March 12, 2018 order entered in the Court of Common Pleas of Chester County that dismissed, without a hearing, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The record reflects that appellant entered open guilty pleas to one count each of possession with intent to deliver (cocaine); possession with intent to deliver (marijuana); and persons not to possess, use, manufacture, control, sell, or transfer firearms.[1]  Appellant received an aggregate sentence of 5½ to 15 years of incarceration.  Appellant did not file a post-sentence motion or a direct appeal.  Instead, appellant filed a ***pro se*** "motion to dismiss counsel

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 6105, respectively.

of record" and a "motion for audio/video communications and waiver of physical body appearance." (Docket Nos. 31 & 32.) The PCRA court properly treated appellant's motion to dismiss counsel of record as a PCRA petition[2] and appointed PCRA counsel. (Order of court, 5/12/17; Docket No. 33.) In a separate order, the PCRA court granted appellant's "motion for audio/video communications and waiver of physical body appearance." (Order of court, 5/12/17; Docket No. 34.) Despite appointment of PCRA counsel, appellant filed a **pro se** PCRA petition on June 7, 2017. (Docket No. 35.) In correspondence dated June 13, 2017, the PCRA court forwarded the petition to appointed counsel and advised appellant that he may not simultaneously proceed **pro se**. (Docket No. 36.)

Thereafter, PCRA counsel filed a motion to withdraw, together with a **Turner**/**Finley** no-merit letter.[3] (Docket No. 43.) After an independent review of the record, as well as a review of counsel's motion to withdraw and **Turner**/**Finley** no-merit letter, the PCRA court determined that PCRA counsel satisfied the dictates of **Turner**/**Finley** and issued a Pa.R.Crim.P. 907(1) notice of intent to dismiss. (Docket No. 44.) Appellant did not file a response to the Rule 907 notice. Instead, appellant filed a timely notice of appeal to

---

[2] This court has held that "all motions filed after a judgment of sentence is final are to be construed as PCRA petitions." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa.Super. 2013) (citations omitted).

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. 1988).

this court, a motion to dismiss PCRA counsel and proceed ***pro se***, and a motion to compel PCRA counsel to forward appellant copies of all transcripts. (Docket No. 45.)

On March 12, 2018, the PCRA court entered an order pursuant to Pa.R.A.P. 905(a)(5)[4] that dismissed appellant's PCRA petition and granted court-appointed PCRA counsel's motion to withdraw.[5] (Order of court, 3/12/18; Docket No. 47.)  In a separate order entered March 12, 2018, the PCRA court directed appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days.  (Order of court, 3/12/18; Docket No. 49.)  Appellant did not file a response.  On April 19, 2018, the PCRA court filed is Rule 1925(a) opinion.  In its opinion, the PCRA court concluded that appellant waived his issues on appeal for failure to file a court-ordered Rule 1925(b) statement, citing to Pa.R.A.P. 1925(b)(4)(vii). (PCRA court opinion, 4/19/18 at 8-9.)

---

[4] Rule 905(a)(5) explains that a "notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").  Pa.R.A.P. 905(a)(5); ***see also Commonwealth v. Swartzfager***, 59 A.3d 616, 618 n.3 (Pa.Super. 2012).

[5] In this order, the PCRA court noted that its grant of PCRA counsel's motion to withdraw rendered appellant's ***pro se*** motion to dismiss counsel moot. Additionally, we note that in a separate order dated March 12, 2018, the trial court granted appellant's motion to compel PCRA counsel to forward copies of all transcripts to appellant.

Our review of the record confirms that appellant failed to file a Rule 1925(b) statement.[6] Therefore, the PCRA court properly determined that appellant waived all issues on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(vii) (issues not included in a petitioner's Rule 1925(b) statement are waived); ***see also Commonwealth v. Hannibal***, 156 A.3d 197, 211 (Pa. 2016); ***cert. denied***, 138 S.Ct. 59 (2017) (reiterating that issues not raised in a petitioner's Rule 1925(b) statement will be deemed waived).

Order affirmed.

---

[6] We note that in his ***pro se*** appellate brief, appellant raises three issues alleging trial court error. First, appellant alleges that the "the trial court err[ed] by not dismissing charges obtained when double jeopardy and collateral estoppel incurred [sic] from charges being dropped by the Commonwealth Court and by the federal court." (Appellant's brief at 7 (full capitalization omitted).) Second, appellant alleges that "the trial court err[ed] by not dismissing charges after rules [sic] of criminal procedure 600 speedy trial was violated." (***Id.*** at 9 (full capitalization omitted).) Finally, in a one-sentence argument, appellant alleges that "the trial court err[ed] by not dismissing charges due to ***Brady*** [***v. Maryland***, 373 U.S. 83 (1963),] violation by the Commonwealth withholding information about Detective Thompson's prior bad acts." (***Id.***) Even if appellant raised these issues in a timely filed Rule 1925(b) statement, appellant would not be entitled to relief because appellant entered guilty pleas and the issues he attempts to raise do not challenge the voluntariness of his plea or the jurisdiction of the sentencing court. ***See Commonwealth v. Rachak***, 62 A.3d 389 (Pa.Super. 2012) (reiterating that when a guilty plea is entered, the defendant waives all grounds of appeal except for challenges to the voluntariness of the plea and the jurisdiction of the sentencing court; and further reiterating that where the voluntariness of the plea could have been raised previously, the defendant waives the claim on collateral review pursuant to 42 Pa.C.S.A. § 9545(b)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/22/19</u>