## In re JOVANNY R.

### No. 97–427–Appeal.

Supreme Court of Rhode Island.

Nov. 13, 1998.

Frank P. Iacono, Jr.; Thomas J. Corrigan, Jr., Washington Crossing, PA, Anthony E. Angeli, Jr., Providence.

Paula Rosin, Providence.

### ORDER

This case came before the Court for oral argument on November 2, 1998, pursuant to an order that had directed the respondent to appear in order to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The respondent mother, Nilda, has appealed from a Family Court judgment terminating her parental rights to her son, Jovanny, who was her fourth child. Nilda's parental rights to her three older children were terminated in February 1994. This Court upheld this termination in a Per Curiam Opinion, *In re Ruddy T.*, 650 A.2d 1238 (R.I.1994). Jo-

vanny was born with traces of methadone detectable in his body. Consequently the Department of Children, Youth and Families, (DCYF) took him into custody when he was five days old.

DCYF developed a number of case plans with the goal of reunification. It should be noted that Jovanny's father, Israel (whose parental rights have been terminated) and Nilda's family have been involved with drugs. DCYF ordered that Nilda not associate with Israel and with several of her family members. The Family Court prohibited Israel from contact with Jovanny because there was testimony that he had physically abused Nilda.

From a time two months prior to Jovanny's birth Nilda had participated in a number of drug treatment programs both residential and out-patient to help her to overcome her drug addiction and also to help her maintain sobriety from alcoholic beverages.

Representatives of DCYF testified at the hearing that Nilda had not achieved success in these programs. Reports were received of positive screens and missed screens for drug testing. One therapist, Dorothy Connor, testified in respect to Nilda that she had missed eight screens between December 1995 and July 1996. Nevertheless, she stated that Nilda has made tremendous progress and has participated in the group program Road Counseling but that she also needed to become involved in outside organizations or support groups but that Nilda had not done so.

After hearing testimony from social workers, therapists, and Nilda's dentist, the trial justice found that Nilda's performance in her drug treatment programs began to improve from January of 1995 and that she had progressed well since that time. However, he further found that in spite of DCYF's reasonable efforts of unification, Jovanny has necessarily been in the legal custody of DCYF for a period of at least twelve months and that during that period Nilda had been unable to care for him. He took into account Jovanny's age (five years) and his need for permanency. He concluded that the mother's progress was not sufficient or timely and that she was unfit to parent Jovanny.

Our review of the findings of fact of a justice of the Family Court in a termination proceeding is limited to determining whether there is competent evidence to support such findings. We shall not disturb such findings unless the trial justice is clearly wrong or has overlooked or misconceived relevant and material evidence. *In re Zachary A.,* 690 A.2d 853 (R.I.1997). In the case at bar, the trial justice did not overlook any relevant evidence. He took into account all the testimony including the favorable testimony of Dorothy Connor as well as the evidence concerning Nilda's positive drug screens and her continued involvement with Jovanny's father. We conclude that there was ample competent, clear and convincing evidence to support the justice's finding that Nilda was unfit to parent Jovanny. In the light of the finding of unfitness, the next element was the consideration of the best interests of the child. The justice found on this element that Jovanny's adjustment in his foster home and his bond with his foster mother clearly indicated that it was in his best interests to terminate Nilda's parental relationship in order that the child might obtain a permanent home with a prospective adoptive parent. *See In re Stephanie,* 456 A.2d 268, 271 (R.I. 1983).

Consequently, the respondent's appeal is denied and dismissed. The judgment of the Family Court terminating respondent's parental rights is hereby affirmed.