In re NATHAN F., et al.

No. 99–302–Appeal.

Supreme Court of Rhode Island.

Dec. 11, 2000.

Frank P. Iacono, Jr., Thomas J. Corrigan, Jr., Washington Crossing, PA, Martha Diamond, Pawtucket, for Plaintiff.

Catherine A. Gibran, Paula Rosin, Providence, Brian Frechette–Pro Se, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The respondents, Suzanne Frigon (Frigon) and Brian Frechette (Frechette), appeal from a Family Court decree terminating their parental rights to their children, Nathan (born May 23, 1994) and Kyle (born December 19, 1995). Frigon contends that the trial justice erred in finding her unfit as a parent because of her chronic substance abuse and in finding that the

Department of Children, Youth, and Families (DCYF) had expended reasonable efforts to reunify her with her children. Frechette is pursuing his appeal *pro se* but has not filed any prebriefing statement or other written memoranda in support of his appeal. Following a prebriefing conference, a single justice of this Court directed the parties to show cause why this appeal should not be summarily decided. Because no cause was shown, we proceed to do so.

■ In arguing that the evidence did not support a finding of parental unfitness, Frigon challenges the findings of the trial justice. "[T]he findings of a trial justice made without the intervention of a jury are entitled to great deference and will not be disturbed on appeal unless the trial justice misconceived or overlooked material evidence or is otherwise clearly wrong." *In re Tinisha P.*, 697 A.2d 622, 625 (R.I. 1997). "[B]efore the state may permanently sever the rights of a parent in his or her natural children, the state must prove by clear and convincing evidence that the parent is unfit." *In re Nicole B.*, 703 A.2d 612, 615 (R.I.1997). The pertinent statutory section concerning chronic substance abuse allows the state to establish that:

> "[t]he parent is unfit by reason of conduct or conditions seriously detrimental to the child; such as, but not limited to, the following: * * * [t]he child has been placed in the legal custody or care of the department for children, youth, and families and the parent has a chronic substance abuse problem and the parent's prognosis indicates that the child will not be able to return to the custody of the parent within a reasonable period of time * * *." G.L.1956 § 15–7–7(a)(2)(iii).

■ Under § 15–7–7(a)(2)(iii), when a child has been placed with DCYF and the parent's prognosis for treatment of his or her chronic substance-abuse problems indicates that the parent's custodial reunification with the child will not be able to occur within a reasonable period, parental

unfitness has been established. In *In re Tinisha P.*, 697 A.2d at 625, this Court ruled that the mother's long history of drug abuse justified a finding of unfitness, even though at the time of the trial the mother had made some progress in her treatment for drug addiction. Similarly, in *In re Jovanny R.*, 725 A.2d 891, 892 (R.I. 1998) (mem.), we held that, even though the respondent mother had made some progress in overcoming her chronic substance-abuse problems, her unsuccessful record with many drug-treatment programs and her failure to pass drug-screening tests on several occasions warranted a finding of unfitness by the trial justice.

█ Here, the trial justice found that "the children were in the care and/or custody of [DCYF] for the statutory period." The trial justice went on to find that both Frechette and Frigon had chronic substance abuse problems and that their respective prognoses indicated that they would be unable to resume custody of their children in the foreseeable future. These findings—based upon the testimony of Frigon and social workers from DCYF, reports from rehabilitation centers, and evidence of domestic violence by Frechette—support the trial justice's conclusion that both parents were "unfit by reason of conduct or conditions seriously detrimental to the child." Section 15–7–7(a)(2).

█ "[O]nce a parent has been adjudicated unfit, the balance shifts so that 'the best interests of the child outweigh all other considerations.'" *In re Nicole B.*, 703 A.2d at 615 (quoting *In re Kristen B.*, 558 A.2d 200, 203 (R.I.1989)). Under § 15–7–7(b)(1), DCYF was required to make reasonable efforts to reunify the family before the Family Court could grant the termination petition. In determining whether DCYF undertook reasonable efforts, the state had to demonstrate the following factors by clear and convincing evidence:

> "that it (1) consulted and cooperated with the parent or parents in developing a plan for appropriate services to be provided to the child and his or her

family, (2) made suitable arrangements for visitation, (3) provided services and other assistance to the parent or parents to ensure that problems preventing discharge from foster care would be resolved or ameliorated, and (4) informed the parent or parents about the child's health, progress, and development." *In re Antonio G.*, 657 A.2d 1052, 1058 (R.I. 1995).

Referring to DCYF's attempts to help both parents solve their substance-abuse problems, the trial justice concluded that "the Department made all reasonable efforts to assist these parents but were unsuccessful in their efforts" and therefore "it is in the best interest of these children that the rights of the parents be terminated." DCYF certainly provided many services to both parents in an attempt to solve their substance-abuse problems. Although Frigon was not provided with domestic-abuse counseling, she did receive some assistance on that issue from counselors who were also helping to treat her substance-abuse and mental-health problems. And even though all parties agree that the visitation schedule could have been better, we cannot conclude that these arrangements were unsuitable. Frigon's failure to pass drug-screening tests, her overall lack of progress in the treatment of her drug-abuse problems, and her resulting inability to attend these visitation sessions apparently prevented her from taking full advantage of the visitation arrangements.

For these reasons, we conclude that the findings of the trial justice concerning parental unfitness and DCYF's reasonable reunification efforts are supported by the evidence in the record. Hence, we deny the appeals of Frigon and Frechette and affirm the judgment of the Family Court.