J-S45033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN CHRISTOPHER MCSHANE | : | |
| | : | |
| Appellant | : | No. 134 EDA 2019 |

Appeal from the PCRA Order Entered December 11, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0001661-2016

BEFORE:  BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED AUGUST 16, 2019**

Shawn Christopher McShane (McShane) appeals from the order of the Court of Common Pleas of Bucks County (PCRA court) denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, after a hearing.  We affirm.

We take the following facts and procedural background from the PCRA court's February 15, 2019 opinion and our independent review of the certified record.  On June 6, 2018, McShane entered an open guilty plea to two counts of Robbery and one count each of Prohibited Possession of a Firearm and Aggravated Assault[1] in exchange for the Commonwealth's agreement not to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 6105(a)(1), and 2702(a)(3), respectively.

invoke the deadly weapon enhancement and to *nol-pros* twenty other charges against him. (**See** N.T. PCRA Hearing, 10/11/18, at 56, 58). The charges related to McShane's armed robbery of two separate victims after luring each of them to specific locations for the purchase of a vehicle he listed on Craigslist. Shortly thereafter, the police located him at a bar near where the armed robberies happened by obtaining a "ping" for the cellphone number listed on the Craigslist ad without a warrant.[2] (**See id.** at 37). McShane possessed the cellphone, money and identification at the time of his arrest. After police apprehended him and brought him to the Bristol Township Police station, he attacked an officer who was removing his handcuffs and attempted to escape, injuring the officer in the ensuing struggle.

---

[2] The Wiretap Act requires a probable cause showing to conduct a search for real-time cell site location (a "ping"). **See** 18 Pa.C.S. § 5773(a). However, under the Wiretap Act, when exigent circumstances exist, "the court may verbally authorize the disclosure of mobile communications tracking information," with written authorization to follow within 72 hours of the court's verbal authorization. 18 Pa.C.S. § 5773(a).

Here, after obtaining the "ping," the Commonwealth filed a probable cause affidavit and received an order from the court authorizing the use of the evidence. (**See** N.T. PCRA Hearing, at 67-68). The court found that the Commonwealth had sufficient probable cause and exigent circumstances to justify the order. The order further stated that, had the court been contacted before the cellphone "ping," it would have given the Commonwealth verbal authorization to obtain the information. (**See id.** at 68). After McShane's arrest, the Commonwealth obtained a warrant for a search of the records of the cellphone number used in the Craigslist ad, which linked to McShane and the robbery victims. (**See id.** at 71-72).

The trial court sentenced McShane to a term of incarceration of not less than twelve nor more than twenty-four years. Post-trial motions for reconsideration of sentence and direct appeals did not afford McShane relief.

On March 28, 2018, McShane filed *pro se* the instant PCRA petition and appointed counsel filed an amended petition on July 27, 2018, alleging ineffective assistance of plea counsel. The amended petition averred that plea counsel was ineffective because she failed to provide McShane with discovery that would have made him aware that the Commonwealth tracked his cell phone without first obtaining a warrant and for failing to file a motion to suppress evidence on this basis. (**See** Amended PCRA Petition, 7/27/18, at 5 ¶ 10) (page numbering provided). The PCRA court held a hearing on McShane's PCRA petition and after consideration of the testimony and evidence presented at the hearing, the court denied the PCRA petition. McShane timely appealed.[3] He and the court have complied with Rule 1925. **See** Pa.R.A.P. 1925.

In considering an ineffective assistance of counsel claim:

---

[3] "This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation and internal quotation marks omitted). "Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." **Id.** (citation and internal quotation marks omitted). "Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." **Id.** (citation, brackets, and internal quotation marks omitted).

Counsel is presumed effective, and a PCRA petitioner asserting otherwise bears the burden of proof. Specifically, the petitioner must prove by a preponderance of the evidence that (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis in support of the action or inaction; and (3) the petitioner suffered prejudice, *i.e.*, the outcome of the proceeding in question would have been different but for counsel's error. A petitioner's failure to prove any one of these three prongs is fatal to the claim.

***Commonwealth v. Isaac***, 205 A.3d 358, 362-63 (Pa. Super. 2019) (citations omitted).

The law does not require that an appellant be pleased with the results of the decision to enter a guilty plea; rather all that is required is that appellant's decision to plead guilty be knowingly, voluntarily and intelligently made.

A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled. Claims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness actually caused an involuntary or unknowing plea.

***Commonwealth v. Brown***, 48 A.2d 1275, 1277-78 (Pa. Super. 2012), *appeal denied*, 63 A.3d 773 (Pa. 2013) (citations, quotation marks, and brackets omitted). "[A] plea of guilty is unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." ***Commonwealth v. Rachak***, 62 A.3d 389, 394 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013) (citing 42 Pa.C.S.A. § 9543(a)(iii)).

In this case, during the guilty plea hearing, McShane confirmed that he was entering his plea voluntarily and he admitted that he committed the

crimes with which he was charged. (*See* N.T. Guilty Plea and Sentencing, 6/06/16, at 3, 11). He also agreed that nobody made any threats or promises to force him to plead guilty, and he understood that he had a right to a trial and he would be giving up all associated trial and pre-trial rights if he pleaded guilty. (*See id.* at 3-6). He affirmed that he was satisfied with counsel's representation and that counsel was "familiar with the evidence and issues in [his] case and [had] gone over them with [him]." (*Id.* at 4). The court inquired about the highest level of education McShane had received and confirmed that he was not taking any medication at the time of the hearing. (*See id.* at 15).

McShane also initialed and signed a written plea agreement that contained all of the information to which he testified at the hearing. (*See id.* at 16; *see also* Written Guilty Plea, 6/06/16, at 1-8). For example, he confirmed that he could read, write and understand the English language. (*See id.* at 2). He affirmed that counsel had explained to him "all the things a person must have done to be guilty of the . . . crimes to which [he was] pleading guilty." (*Id.* at 3). McShane indicated that he had sufficient time to speak with his attorney before he decided to plead guilty, and that he was satisfied with counsel's representation. (*See id.* at 6).

Further, at the PCRA hearing, plea counsel testified that McShane communicated from the time of the preliminary hearing that he wanted to enter a guilty plea, in part because "the victims didn't need any more of his,

quote, shit[.]" (N.T. PCRA Hearing, at 56). Counsel acknowledged that at the time of sentencing, she informed the court that "from early on in this case[, McShane] was remorseful and wanted to enter a guilty plea[.]" (*Id.* at 56-57); (*see id.* at 65 ("After the preliminary hearing and prior to the guilty plea . . . [McShane] remained remorseful [for] his crimes[.]")). She confirmed that prior to McShane entering his guilty plea, she met with him at the jail to review discovery and discuss possible suppression motions. (*See id.* at 63-64). This discovery included the court's order filed after the Commonwealth had obtained the "ping" of McShane's cellphone, which stated that, had it been contacted before the Commonwealth obtained this information, it would have verbally authorized it to do so because there was sufficient probable cause and exigency. (*See id.* at 68). While counsel discussed possible suppression of this cellphone "ping" and resulting arrest with McShane, she also advised him that all three victims were able to identify him and suppression of this information would not have resulted in a different trial outcome. (*See id.* at 70-71). Counsel also confirmed that after McShane's arrest, the Commonwealth was granted court orders to obtain records for the cellphone number used in this crime, which linked back to McShane, the Craigslist ad and the robbery victims, all of which was independent of the "ping." (*See id.* at 71-72).

Based on the foregoing, the PCRA court found that:

> Given [McShane's] long-standing intent to plead, his plea counsel acted well within the range of competence expected of

criminal defense attorneys when she negotiated with the Commonwealth to *nol-pros* twenty of [McShane's] charges in exchange for his . . . guilty plea[.] . . .

\* \* \*

There is no indication in the record that [McShane] ever intended that this case conclude with anything other than a guilty plea. Thus, plea counsel was not ineffective for failing to file a Motion to Suppress with respect to the location information that was used to locate and arrest [him]. [McShane] suffered no prejudice as a result of plea counsel's failure to file a Motion to Suppress given his marked intent to plead guilty, and he also fails to prove that such a Motion would have been successful. . . .

. . . [T]he Commonwealth attempted to comply with the probable cause requirement of the Wiretap Act by submitting an affidavit establishing probable cause after the search. The Honorable Wallace H. Bateman of this court agreed that the Commonwealth had, in fact, established sufficient probable cause to obtain the real-time tracking information on [McShane's] phone. **See id.** Although the Commonwealth failed to obtain verbal authorization from the court before receiving the location of the cell phone from the carrier, suppression would not have been warranted on the basis of exigency and inevitable discovery anyway.[4]

_____

[4] "Exigent circumstances arise where the need for prompt police action is imperative, either because evidence is likely to be destroyed . . . or because there exists a threat of physical harm to police officers or other innocent individuals." **Commonwealth v. Copeland**, 955 A.2d 396, 400 (Pa. Super. 2008), *appeal denied*, 762 A.2d 1194 (Pa. 2008) (citation omitted). Here, McShane arranged two armed robberies within hours of each other by using a Craigslist ad for a car sale that listed a cellphone number for interested buyers to call. The ad remained active after the second robbery and the police prevented additional innocent individuals from harm by locating the cellphone and the individual using it.

Under the inevitable discovery rule, "if the prosecution can establish by a preponderance of the evidence that illegally obtained evidence ultimately or inevitably would have been discovered by lawful means, the evidence is admissible." **Commonwealth v. Gatlos**, 76 A.3d 44, 60 n.13 (Pa. Super. 2013) (citation omitted). Here, after McShane's arrest, the Commonwealth

\*　　\*　　\*

Moreover, plea counsel testified that evidence existed which would have led to [McShane's] arrest even if police had not contacted the cell phone carrier. "[McShane] had posted an ad on Craigslist and he had put his phone number and I believe some other identifying information on Craigslist when he posted the ad to sell the car. The victims then contacted him on that cellphone through that number, and that's how the meeting was arranged. [After the police arrested McShane, they obtained a warrant for these cellphone records, which linked McShane, the cellphone, and the victims.] The victims obviously saw his face and so they could identify him." (N.T. PCRA Hearing, at 39). . . . Therefore, plea counsel cannot be deemed ineffective for her failure to pursue suppression in this case especially given [McShane's] desire to plead guilty and the unlikelihood of success on a Motion to Suppress.

In addition, [McShane's] contention that he did not review discovery until after he entered his plea is plainly contradicted by plea counsel's testimony in this case.

(PCRA Court Opinion, 2/15/19, at 9-13) (some citation formatting provided).

We agree with the PCRA court. McShane's argument that he involuntarily pleaded guilty because of his counsel's ineffective representation is belied by his own statements made during the guilty plea hearing and in the written guilty plea statement, which he cannot now contradict. **See Brown**, **supra** at 1277. Additionally, there is no evidence that an "inducement caused [McShane] to plead guilty and [he] is innocent[]" where

---

obtained a warrant for the records of the cellphone number listed in the Craigslist ad, which resulted in the lawful discovery that the cellphone was McShane's and that the victims had contacted him on it.

the record reflects that McShane was remorseful and always intended to plead guilty, and counsel provided him with the subject discovery and discussed the possibility of a motion to suppress with him before he pleaded guilty. *Rachak*, *supra* at 394. Further, the outcome of the proceeding would not have been any different if plea counsel did file a motion to suppress where there was other evidence, independent of the "ping" that would have established McShane's guilt. Therefore, McShane's claim lacks merit because he has failed to establish that his underlying claim has arguable merit, that plea counsel's actions were unreasonable, or that he suffered prejudice from them. *See* *Isaac*, *supra* at 362-63. Accordingly, we affirm the decision of the PCRA court.[5]

Order affirmed.

---

[5] McShane also claims that the court erred by not providing him with notice before denying his PCRA petition. However, because the court held a hearing on this matter, no such notice was required. *See* Pa.R.Crim.P. 908; *compare* Pa.R.Crim.P. 907 (Where court can dispose of PCRA petition without a hearing, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.).

Neither are we legally persuaded by McShane's reliance on the recently decided cases, *Carpenter v. United States*, 138 S.Ct. 2206 (U.S. 2018) (*plurality decision*), and *Commonwealth v. Fulton*, 179 A.3d 475 (Pa. 2018), for the probable cause required for a cellphone search. (*See* McShane's Brief, at 21-24). As acknowledged by McShane, both of these cases were decided after his arrest and prosecution. (*See* McShane's Brief, at 21-24). Plea counsel cannot be found ineffective for failing to anticipate changes in the law. *See Commonwealth v. Hughes*, 865 A.2d 761, 782 n.19 (Pa. 2009).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/16/19</u>