J-A07042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
AMER OMAR GHAYYADA :
:
Appellant : No. 1078 MDA 2019

Appeal from the PCRA Order Entered June 18, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001430-2017

BEFORE: OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 01, 2020**

Amer Omar Ghayyada appeals from the denial of his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. The PCRA court denied his petition after concluding that he failed to raise any meritorious claims. We affirm.

In April 2018, Ghayyada pled guilty to multiple offenses including simple assault and terroristic threats. The trial court sentenced him to an aggregate term of 12 to 54 months' incarceration followed by three years' probation. Ghayyada filed a post sentence motion, which the trial court denied. Ghayyada did not file a direct appeal. In September 2018, Ghayyada filed the instant PCRA petition and the court appointed counsel. Counsel filed a **Turner/Finley** letter as well as a petition to withdraw as counsel.[1] Following a hearing, the

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

PCRA court denied Ghayyada's PCRA petition and granted counsel's petition to withdraw. This timely appeal followed.

Ghayyada raises the following issues before this Court:

I.    Whether the trial court erred and/or abused its discretion when it denied [Ghayyada's] PCRA petition which so undermined the truth determining process that no reliable adjudication of guilt or innocen[c]e could have taken place? Whether a manifestation of injustice occurred by trial court denying [Ghayyada] motion of PCRA?

II.   Whether counsel was ineffective and whether the counsel's decisions had any reasonable basis?

III.  Whether the guilty plea was the personaly[sic], knowingly and voluntary decisions of [Ghayyada]?

IV.   Whether the trial court erred when it denied [Ghayyada's] PCRA despite the assertion of innocen[c]e and showing evidence that proves such claim is a manifestation of injustice?

Ghayyada's Br. at 2.

Our review of the denial of PCRA relief is "limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Beatty*, 207 A.3d 957, 960–61 (Pa.Super. 2019), *appeal denied*, 218 A.3d 850 (Pa. 2019). We defer to the findings of the PCRA court when they are supported by the record. *Id.* at 961. However, our standard of review of the PCRA court's legal conclusions is *de novo*. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012).

We address Ghayyada's first and fourth claims first. Ghayyada "requested to withdraw his guilty plea by filling[sic] a PCRA petition, but the

lower court denied his request stating that he entered the guilty plea knowingly, [i]ntelligently, [v]oluntairly[sic], and [u]nderstandingly." Ghayyada's Br. at 7. He maintains that this was error because, although he pled guilty for the "simple ass[a]ult of his wife's boyfriend Mr. James Williams and on one of his 5 [children] Miriam Ghayyada who was a 13 year old, however [Ghayyada] never came in contact with them, or saw them, or was seen by them." *Id.* at 8. He also states that he "can't believe that he plead [sic] guilty to these things even though he was innocent of them." *Id.* at 9.

A petitioner claiming relief under the PCRA must establish that the "allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). Here, Ghayyada filed a PCRA petition based on his challenge of his guilty plea. However, Ghayyada did not file a direct appeal challenging his guilty plea which resulted in waiver of such a claim in his PCRA petition. ***Commonwealth v. Rachak***, 62 A.3d 389, 391 (Pa.Super. 2012) (concluding PCRA petitioner had waived challenge to guilty plea by not raising it on direct appeal). Thus, the PCRA court did not abuse its discretion in dismissing Ghayyada's petition on this basis.

Furthermore, Ghayyada's claim of innocence contradicts his admission of guilt at the guilty plea hearing, when he agreed to the facts presented by the Commonwealth. ***See*** N.T., Guilty Plea Hearing, 4/30/18, at 13-15. "Appellant is bound by these statements, which he made in open court while under oath, and he may not now assert[] grounds for withdrawing the plea

which contradict the statements." *Commonwealth v. Willis*, 68 A.3d 997, 1009 (Pa.Super. 2013).

Next, Ghayyada challenges the effectiveness of his trial counsel. He maintains that counsel "failed to address and advice [sic] [Ghayyada] regarding his Regist[e]red Nurse license, which is suspended [indefinitely] now because of entering a guilty plea of a felony." Ghayyada's Br. at 10. He also claims his guilty plea was written by counsel, that counsel failed to explain the guilty plea to him, and that "[c]ounsel kept on repeating that [Ghayyada] is going home on probation and if he does not take the deal he may lose and go to jail, and all he has to do is to [sign] the plea papers once and [initial] it 6 times." *Id.* at 10, 11.

Counsel cannot be held ineffective for failing to advise a client of the collateral, civil consequences of a guilty plea. *Commonwealth v. Abraham*, 62 A.3d 343, 350 (Pa. 2012). The revocation of a nursing license following a guilty plea is one such collateral consequence. That decision is for the State Board of Nursing, not the sentencing court. *See* 63 P.S. § 224. Because the impact on Ghayyada's nursing license is a collateral, civil consequence of his plea, trial counsel cannot be found ineffective on this basis. *See Abraham*, 62 A.3d at 350 ("[A] defendant's lack of knowledge of collateral consequences of the entry of a guilty plea does not undermine the validity of the plea, and counsel is therefore not constitutionally ineffective for failure to advise a defendant of the collateral consequences of a guilty plea").

The remainder of Ghayyada's claim amounts to an argument that his plea was not knowing, intelligent, and voluntary. As above, he waived that issue by failing to raise it on direct appeal. **See Rachak**, 62 A.3d at 391.

Order affirmed.

Judge Dubow joins the Memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/01/2020